ESTATE OF RICH: MAHONEY, Appellant, v. RICH, Administratrix, Respondent.

*November 23, 1964—January 5, 1965.*

For the appellant there was a brief by *Anderson, Bylsma & Eisenberg* of Madison, and oral argument by *Clarence G. Bylsma*.

For the respondent there was a brief by *Herbert Morse*, attorney, and *Jerry A. Fine* of counsel, both of Milwaukee, and oral argument by *Mr. Morse*.

HALLOWS, J. The only issue presented on appeal is whether the trial court's findings are against the great weight and clear preponderance of the evidence; if they are not, the judgment must be affirmed. *Estate of Starer* (1963), 20 Wis. (2d) 268, 121 N. W. (2d) 872. This case rests ultimately upon the credibility of the witnesses, and since it was tried to the court it is the province of the trial judge to determine the credibility and weight of the evidence. *Estate of Brandenburg* (1961), 13 Wis. (2d) 217, 225, 108 N. W. (2d) 374; *Guardianship of Coolidge* (1960), 12 Wis. (2d) 58, 64, 106 N. W. (2d) 282.

In its decision the trial court characterized the appellant as a "prevaricator unworthy of belief," and this opinion is based in part upon the fact the will offered by the appellant and which she claimed was given to her by her brother was rather convincingly proven by an expert witness to have been typewritten over the signature of the decedent and after the signature had been placed thereon. While the will could have been refused probate because not properly witnessed and executed, nevertheless the facts relating to the typing of the purported will and the facts hereinafter stated in reference to the purported $12,000 check are entirely sufficient to sustain the court in its disbelief of the uncorroborated testimony of the appellant. Once a witness has testified falsely in a material respect the trier of the fact may, but is not compelled to disregard all of that witness' testimony which is not corroborated. *Nehls v. Nehls* (1963), 21 Wis. (2d) 231, 124 N. W. (2d) 18; *Grosberg v. Grosberg* (1955), 269

Wis. 165, 68 N. W. (2d) 725. Without the testimony of the appellant there is little or no proof to substantiate the claims.

The appellant testified the loan of $12,000 was made on February 22, 1924, at decedent's request so he could purchase a controlling interest in the Fairmount Riding Academy in Milwaukee, Wisconsin. Her testimony is contradictory in respect to the making of this loan on a legal holiday, as to the bank or banks from which she withdrew the money, and in other respects. The principal evidentiary basis of the appellant's claim is a check purportedly for $12,000 which the appellant testified was given her by her brother to evidence the loan. While the record is somewhat confused on when the appellant received this check and the purpose of the loan, the record is clear from the testimony of one Donald Doud, a questioned-document expert, the check was originally a $12 check which had been unartfully raised to $12,000 and that Dr. Rich had not raised it. This expert testimony, based on the use of enlarged photographs, analysis of penmanship idiosyncrasies, and analysis of the types of leads in the pencils used to execute the check, stands unrefuted in the record, although the appellant did testify she did not raise the check. The trial court had a right to disbelieve the appellant's testimony that a loan for $12,000 was in fact made.

If, however, the trial court were required to believe the loan was made in 1924, recovery is barred by the six-year statute of limitations. Sec. 330.19 (3), Stats. The appellant testified her brother paid her $100 in December of 1957 on this loan and contends this payment renewed the obligation and took it out of the statute. The great weight and clear preponderance of the evidence, as the trial court found, is to the effect this payment if made had no relationship to the alleged loan but the $100 was given to the appellant by Dr. Rich so that she might send it on to their needy brother George. No evidence tends to show Dr. Rich had any in-

tention of recognizing the debt as an existing liability or of indicating any willingness to pay the balance. Unless these elements are shown, a partial repayment of a debt barred by the statute of limitations does not resurrect the defunct debt. *Estate of Hocking* (1958), 3 Wis. (2d) 79, 86, 87 N. W. (2d) 811; *Estate of Shea* (1929), 198 Wis. 613, 225 N. W. 326.

The appellant claims the notation on a $100 bank money-order receipt made by her at the time of the transaction to the effect the $100 was a payment by Dr. Rich on his debt is sufficient to renew the obligation. If such notation can be considered an acknowledgment or promise, it is insufficient under sec. 330.42, Stats., because the writing is not signed by Dr. Rich, the party to be charged thereby as required by that section. Nor can such notation be considered proof of the payment by Dr. Rich to the appellant because sec. 330.46, expressly provides that an indorsement or memorandum of a payment upon a note or other writing by the party to whom such payment shall have been made or purported to be made shall not be deemed sufficient proof of the payment to take it out of the statute of limitations.

There is no question the principal amount of the $10,000 mortgage loan was paid and in addition some $2,578.50 interest. In the appellant's brief it is argued Dr. Rich held the interest in a constructive trust, that there were sufficient assets in the estate to pay it, and no good reason appeared other than the satisfaction why interest should not be allowed on this mortgage. We consider the giving of the satisfaction of the mortgage to be sufficient reason for the trial court's denying interest. It was testified by the attorney that various payments on the mortgage loan were made and on January 24, 1944, the appellant executed a partial release of the mortgage which recited there was a balance due of $4,000 with interest at four percent from January 24, 1944. Some eighteen months later on July 23, 1945, the appellant ex-

ecuted and delivered a full satisfaction and discharge of the mortgage upon the payment of a sum somewhat in excess of $4,000. At that time the appellant raised a question of interest with the attorney representing Dr. Rich. However, appellant accepted the check, gave the satisfaction of the mortgage, and made no further demands for interest until the filing of the claim in the estate over sixteen years later.

We do not agree with the appellant this is a proper case for a constructive trust. The facts give rise to no more than a debtor-creditor relationship upon security between a brother and his sister. Dr. Rich stood in no fiduciary or trust relationship to the appellant. The evidence is to the effect the claim for principal and interest was fully satisfied when the appellant executed and delivered the satisfaction and release in 1945. In any event, any claim for interest existing in 1945 would long since be barred by the statute of limitations.

*By the Court.*—Judgment affirmed.

WILKIE, J., took no part.