BERLINSKI, Special Administrator, and another, Appellants, v. TELISKY, Respondent.

*No. 237.   Argued May 6, 1968.—Decided June 4, 1968.*
(Also reported in 158 N. W. 2d 925.)

192

For the appellants there was a brief by *Rudolph W. Talsky*, attorney, and *Francis L. McElligott* of counsel, both of Milwaukee, and oral argument by *Mr. Talsky*.

For the respondent there was a brief and oral argument by *Bernard F. Mathiowetz* of Milwaukee.

WILKIE, J. Appellants have made it exceedingly difficult to review this case on its merits since there is no appendix. Sec. (Rule) 251.34 (5), Stats., requires such an appendix.

In *Lindahl v. Lindahl* [1] this court said:

". . . The purpose of this rule is to enable us in the limited time available to give due consideration to all the cases presented to us."

On page 6 of appellants' brief they state:

"On appeal this court's duty is to determine whether the trial court's findings are so erroneous as to be contrary to the great weight and clear preponderance of the evidence. This requires an examination of the evidence to determine whether there is sufficient credible evidence to support the findings."

Obviously, the questions appellants seek to present on this appeal cannot be determined without an examination of all the proceedings in the court below.

In *Peterson Cutting Die Co. v. Bach Sales Co.*,[2] the court said:

"The volume of work to be done by this court does not leave time for the justices to search the original record for each one to discover, if he can, whether appellant should prevail. An appendix conforming to Rule 6 [now sec. (Rule) 251.34, Stats.] makes readily available to each justice the matters which he must know if he is to give intelligent attention to the issues presented by the appeal. It is counsel's duty to the court as well as to his client to furnish it, . . . ."

---

[1] (1963), 19 Wis. 2d 379, 384, 120 N. W. 2d 142, 121 N. W. 2d 286.
[2] (1955), 269 Wis. 113, 118, 68 N. W. 2d 804.

We have searched the record and find the trial court's findings supported by the great weight and clear preponderance of the evidence. We would drop the matter there except for the fact that plaintiffs attack the integrity of Attorney Napieralski and this appeal should not be ended without our affirming the trial court's approval of Attorney Napieralski's conduct.

We find that testimony of Mr. Napieralski, an attorney since 1927 and a court commissioner for the last twenty years, is particularly persuasive in establishing that no fraud had been perpetrated. Napieralski had never met either Laura or Makowski prior to the office consultation on July 9, 1964. He met with them for approximately three hours. During this meeting, Makowski complained about the manner in which his affairs were being handled by Berlinski. Napieralski's testimony indicates that he took great pains to insure that Makowski understood his acts. Napieralski concluded that in his opinion Makowski was fully competent, knew what he was doing, was under no pressure from Laura Telisky, and acted under his own free will. The trial court concluded:

". . . Mr. Napieralski has been a practicing attorney for more than forty years and has specialized in probate and real estate law. He has long been a Court Commissioner for Milwaukee County. He is a person of impeccable integrity as well as diligent in the performance of his duties as an attorney. This court is convinced beyond a shadow of a doubt that Mr. Victor Napieralski carefully explained to the plaintiff the nature of the papers he had prepared at the request of the plaintiff and before the plaintiff signed them. It was the uninfluenced wish and desire of the plaintiff to convey his real estate holdings to his niece, subject to his life estate."

The entire record leads one to the conclusion that Attorney Napieralski's appraisal of the situation was entirely correct. Furthermore, this case rested in large part on the credibility of witnesses. This court has

repeatedly held that the question of credibility of witnesses is one that lies peculiarly within the province of the trial court.[3] The credibility of the Berlinskis was crucial to the forces trying to set aside the deed. The trial court found the Berlinskis' testimony to be "clearly motivated by self-interest" and "permeated with bias and prejudice." This was the trial court's prerogative to so find and its finding binds this court.

*By the Court.*—Judgment affirmed.[4]

---

[3] *Estate of Dobrecevich* (1962), 17 Wis. 2d 1, 115 N. W. 2d 597; *Estate of Rich* (1965), 26 Wis. 2d 86, 131 N. W. 2d 909.

[4] No double costs are taxed because of failure to supply an appendix. The respondent did not supply a supplemental appendix of her own because she understandably believed appellants were raising only questions of law.