**UNITED STATES of America, Appellee,**

v.

**Brian Lee BOOKER, Appellant.**

**No. 82–2357.**

United States Court of Appeals,
Eighth Circuit.

Submitted April 11, 1983.

Decided May 11, 1983.

Rehearing Denied June 2, 1983.

---

Thomas E. Dittmeier, U.S. Atty., Evelyn M. Baker, Asst. U.S. Atty., St. Louis, Mo., for appellee.

Robert D. Litz, St. Louis, Mo., for Brian Lee Booker.

Before ARNOLD and BENNETT,* Circuit Judges, and HENLEY, Senior Circuit Judge.

ARNOLD, Circuit Judge.

Brian Lee Booker was convicted in the District Court[1] of possession of a firearm by a convicted felon under 18 U.S.C.App. § 1202(a)(1). He admitted to being a convicted felon, but he claims in this appeal that he was unfairly prejudiced at trial because the government was allowed to prove that his previous convictions were also for violation of the firearms statutes. We reject his contentions and affirm the judgment.

The evidence supporting the verdict is clear-cut. Two St. Louis police officers, Givens and Parks, approached the defendant on the 5200 block of Vernon Street in St. Louis after receiving a report from a citizen that a man fitting the defendant's description was selling drugs on this block. As they approached Booker, he began to run. Officer Givens pursued him to the door of 5202 Vernon, where Booker was pounding on the door. Booker then jumped off the porch and fled toward the rear yard.

---

* The Hon. Marion T. Bennett, United States Circuit Judge for the Federal Circuit, sitting by designation.

1. The Hon. James H. Meredith, Senior United States District Judge for the Eastern District of Missouri.

Officer Givens followed him and saw him throw a pouch or purse toward the eastern portion of the yard. Givens and Parks then caught the defendant and recovered the pouch. It contained a loaded .357 magnum revolver.

Although Booker denied possession of the gun at trial, he does not contest the sufficiency of the evidence on appeal. His only contention is that he was denied a fair trial, and therefore denied due process of law as guaranteed by the Fifth Amendment, by the way in which the government proved and argued its case.

Booker had, in fact, been three times convicted of felonies, and all of them were firearms crimes. His most recent conviction was for possession of a sawed-off shotgun; it occurred on July 2, 1982. The government proved this conviction, which was of course an element of the offense charged, by testimony and documentary evidence. When Booker took the stand in his own defense, cross-examination revealed that he had been convicted twice previously of firearms offenses in addition to the July 2, 1982, conviction which the prosecution proved in its case in chief.

■ Booker says that he had offered to stipulate to his prior conviction and that, therefore, proof of the nature of the offense was both unnecessary and highly prejudicial because of the similarity of that case to the present charge. The jury was likely to believe, he argues, that if he did it once, he would do it again. This he says is contrary to the spirit of Rule 404(b), Fed.R. Evid., and basically unfair. The government, however, did not agree to accept the stipulation, but rather elected to put on its proof. We think the government was well within its rights in doing so. In *United States v. Bruton,* 647 F.2d 818, 825 (8th Cir.), *cert. denied,* 454 U.S. 868, 102 S.Ct. 333, 70 L.Ed.2d 170 (1981), we held that "in a Section 1202(a)(1) case the government is not required to accept a defendant's stipula-tion to a prior felony in lieu of proof of that element of its case." This holding was reiterated in *United States v. Jackson,* 680 F.2d 561, 564 (8th Cir.1982).

Booker relies on a footnote in our opinion in *Jackson,* 680 F.2d at 564 n. 2, where we acknowledged the Fourth Circuit's rule that "where the underlying prior conviction is similar to the one for which the defendant is presently under arrest, it is inadvisable to tell the jury the *nature* of the prior felony." *Id.,* citing *United States v. Poore,* 594 F.2d 39 (4th Cir.1979). We did not, however, adopt that rule for this Circuit, but rather expressly reaffirmed the rule of *Bruton. Id.* This panel has neither the power nor the inclination to change that rule now.

■ It is true that in *Bruton* we acknowledged "that a case might be imagined where proof of a plurality of convictions would be prejudicial." 647 F.2d at 825. This is not such a case.[2] In this case the government proved only one prior conviction in its case in chief, that for possession of a sawed-off shotgun. The existence of Booker's other firearms convictions came to light only when he took the stand and was subjected to impeachment under Rule 609(a), Fed.R.Evid., as any other witness would be. Booker was not, of course, required to take the stand. By his election to do so, he voluntarily exposed himself to impeachment by these prior felony convictions. Moreover, we cannot say the District Court abused its discretion in implicitly determining that the probative value of such evidence was not outweighed by its prejudicial effect on the jury.

■ Defendant also complains that the government in its closing argument laid unnecessary stress on his prior firearms convictions and invited the jury to convict him on the unfair theory that someone who had so often violated the law must be guilty. We disagree. The government's closing argument said nothing that was not both true and supported by the record, and

---

2. It is worth noting that, in *Bruton,* evidence of a previous felony conviction for illegal possession of a firearm was put before the jury, see 647 F.2d at 824 n. 10. Thus, it cannot be said that evidence of a prior firearms conviction in this case, despite defendant's willingness to stipulate to a prior felony conviction, was any more "prejudicial" than the situation in *Bruton.*

counsel's references to defendant's prior convictions were apparently only a fair response to defense counsel's claim, in his closing argument, that his client had "turned his life around." Booker's last conviction had occurred on July 2, and the offense for which he was on trial was alleged to have happened on July 26.

The judgment is affirmed. The Court appreciates the service of appointed counsel.