**UNITED STATES of America, Plaintiff,**

v.

**Thomas K. DOHERTY, Nelson E. Barner, Nicholas Salerno, Arthur Pino, Robert W. Clemente, Sr., John A. Deliere, and Michael Doherty, Defendants.**

Crim. No. 86–240–Y.

United States District Court,
D. Massachusetts.

March 26, 1987.

Robert Mueller, III and John Pappallardo, Boston, Mass., for the U.S.

Thomas Troy, Reading, Mass., for Thomas K. Doherty.

Richard Bachman, Boston, Mass., for Gerald W. Clemente.

Thomas Finnerty, Boston, Mass., for Nelson E. Barner.

Michael Collora, Boston, Mass., for Richard J. Madden.

George Gormley, Boston, Mass., for Nicholas Salerno.

Frank Marchetti, Somerville, Mass., for Arthur Pino.

Thomas May, Boston, Mass., for Frank Ray.

Thomas Noone, Malden, Mass., for Robert W. Clemente Sr.

Richard Egbert, Boston, Mass., for John A. Deliere.

Joseph Flak, Boston, Mass., for Michael J. Doherty.

## MEMORANDUM AND ORDER

YOUNG, District Judge.

The defendant John A. Deliere ("Deliere") has been charged with conspiracy under 18 U.S.C. § 371 (1982) in count six of a multi-count, multi-defendant indictment. Deliere moves that this Court strike certain evidence previously admitted pursuant to Fed.R.Evid. 404(b) or, alternatively, sever him from the joint trial. Deliere also moves for a mistrial on the same grounds.

All the defendants charged in this indictment are being tried together. The gravamen of the indictment charges Gerald W. Clemente, Thomas K. Doherty, Nelson E. Barner, and Nicholas Salerno with conspiracy to steal certain Massachusetts police promotional civil service examinations and sell them to aspirants in advance of the examinations being administered (hereinafter "the general conspiracy"). Deliere is charged in count six with conspiring to obtain one of these examinations; he is not implicated in the general conspiracy. Gerald W. Clemente, having pleaded guilty to certain of the charges against him, is testifying as one of the government's principal witnesses. The trial is now in its 36th day after extensive pre-trial proceedings and a lengthy jury empanelment.

In the course of testifying, the Court has permitted Gerald Clemente (and other witnesses) to testify to the sale and receipt of purloined examinations to persons other than those on trial. Such evidence has been admitted against the alleged general conspirators—the Court has not yet made the findings necessary under *United States v. Petrozziello*, 548 F.2d 20 (1st Cir.1977) since those findings are required to be made at the close of all the evidence, *United States v. Patterson*, 644 F.2d 890, 896 (1st Cir.1981); *see generally United States v. Silvano*, 812 F.2d 754, 760–62 (1st Cir.1987)—as probative of the existence of the general conspiracy charged and the carrying out of overt acts thereunder.

As to Deliere, however, only so much of this evidence as details sales prior to the alleged sale to Deliere has been admitted and then only under Fed.R.Evid. 404(b) as probative primarily of Gerald Clemente's opportunity to obtain and sell exams illegally and his intent, plans, preparations, and manner of so doing. The jury has been instructed as to the limited purposes for which this evidence has been received against Deliere. *See United States v. Scelzo*, 810 F.2d 2, 4 (1st Cir.1987).

On the 19th day of trial Deliere's counsel brought to the Court's attention his offer to the United States Attorney to stipulate to Gerald Clemente's opportunity to obtain and sell exams illegally and as to his general intent, plans, preparation, and manner of doing so. Deliere's position is simple and straightforward—he denies his involvement and claims Gerald Clemente fingered him due to a long standing hostility and vindictiveness toward him. He is quite ready, however, to concede that Gerald Clemente was himself up to no good and will stipulate to each of the points for which the evidence admitted under Fed.R. Evid. 404(b) has been or will be offered against him, if only such evidence is striken as to him. The government refuses to accept the proffered stipulation. Deliere's

offer of a stipulation has also provoked objections from other defense counsel [1] who are not nearly so fond of this procedure, thereby giving rise to Deliere's alternative request for the relief of severance as well as his motion for mistrial.

## I.

The circumstantial use of character evidence, i.e., the use of extrinsic evidence to prove that a person committed a particular crime or act because he acted in a similar way at some other time not charged, is prohibited under Fed.R.Evid. 404. "Although this 'propensity evidence' is relevant, the risk that a jury will convict for crimes other than those charged—or that, uncertain of guilt, it will convict anyway because a bad person deserves punishment —creates a prejudicial effect that outweighs ordinary relevance." *United States v. Moccia*, 681 F.2d 61, 63 (1st Cir. 1982). Evidence of other crimes, wrongs, or acts is admissible, though, when introduced for other relevant purposes. Fed.R. Evid. 404(b); *see Moccia*, 681 F.2d at 63 ("[w]here the evidence has some 'special' probative value ... it 'may' be admitted"). Other relevant purposes include, but are not limited to,[2] proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. *Id.* The evidence must not only be relevant to an issue in the case, but also its probative value must not be outweighed by its unfair prejudice to the defendant. *United States v. Scelzo*, 810 F.2d 2, 3–4 (1st Cir. 1987); *Moccia*, 681 F.2d at 63.

In the instant case, the government argues that the other crimes of Gerald W. Clemente are admissible to show his intent and motive to steal and distribute exams, his opportunity to gain access to the exams to effectuate his intended scheme, his preparation for the same over a number of years, and his general plan or scheme to create a network or market for his purloined exams. Deliere does not dispute the

---

**1.** Counsel for defendant Thomas K. Doherty objected to acceptance of the stipulation by the government.

**2.** *United States v. Williams*, 577 F.2d 188, 192 (2d Cir.) ("The categories listed in Rule 404(b) are not exhaustive...."), *cert. denied*, 439 U.S. 868, 99 S.Ct. 196, 58 L.Ed.2d 179 (1978).

government's arguments. Rather, he wishes to stipulate to any and all of the above theories of admissibility. The government has declined to accept the stipulation. The issue is thus whether the government should be compelled to accept the proffered stipulation and whether this Court should strike the previously admitted "other crimes" evidence as to Deliere and preclude the admission of any further 404(b) evidence proffered by the government as against him.

## II.

■ The United States Court of Appeals for the First Circuit has not ruled directly on the authority or propriety of a district court judge compelling a prosecutor to accept a defendant's stipulation as to 404(b) evidence. *Cf. Moccia,* 681 F.2d at 63 (upholding a district court's admission of prior conviction evidence on issue of knowledge of presence of drugs and noting that defendant did not stipulate to his knowledge); *United States v. Timpani,* 665 F.2d 1, 6 (1st Cir.1981) (noting the recitation of two prior convictions in the context of a firearms possession case was reasonable in the absence of a stipulation which "would have gone far towards showing that the recitation of two [where only one was required under 18 U.S.C.App. § 1202(a)(1)] prior convictions was unnecessary, unfair, and prejudicial"). The circuit courts that have addressed the matter are not in complete accord, although "the weight of authority in federal courts seems to hold that the defendant has no *right* to have his stipulation accepted." 22 C. Wright & K. Graham, Federal Practice and Procedure, § 5194, at 198–99 (1978) (emphasis added).[3] Deliere relies upon a series of cases emanating from the United States Court of Appeals for the Second Circuit wherein the prosecutor was held to be bound to accept stipulations as to 404(b) evidence.

In *United States v. Mohel,* 604 F.2d 748 (2d Cir.1979), the leading case to explicate the Second Circuit Court of Appeals' reasoning on this issue, the court adopted the position that, once a defendant unequivocally offers to concede to the issue of intent and knowledge, other crimes evidence is inadmissible on the issue. The court reasoned that once the intent and knowledge issues are removed, any other crimes evidence would not be probative, but would be highly prejudicial. In effect, the court performed the balancing under 404(b) ex ante as matter of law thereby removing it from the district court's discretion. The reasoning of the court in *Mohel* was later followed in *United States v. Figueroa,* 618 F.2d 934 (2d Cir.1980) (error to admit prior conviction as to the issue of intent where previously stipulated to).

More recently, in *United States v. Pedroza,* 750 F.2d 187 (2d Cir.1984), *cert. denied,* — U.S. —, 107 S.Ct. 151, 93 L.Ed.2d 92 (1986), the same court concluded that the district court did not abuse its discretion in admitting evidence of a prior cocaine transaction over a defense counsel's offer to stipulate. The court stated that a "bare stipulation" was insufficient to explain the "rather unusual theories offered to explain the events. A party is normally permitted 'to present to the jury a picture of the events relied upon. To *substitute for such a picture a naked admission might ... rob the evidence of much of its fair and legitimate weight.'* " *Id.* at 201 (emphasis added) (quoting *Dunning v. Maine C.R.R.,* 91 Me. 87, 97, 39 A. 352, 356 [1897]); *United States v. King,* 616 F.2d 1034, 1042 (8th Cir.), *cert. denied,* 446 U.S. 969, 100 S.Ct. 2950, 64 L.Ed.2d 829 (1980). The Eleventh Circuit Court of Appeals has since interpreted the Second Circuit Court's

---

**3.** The state courts are also not in complete accord. *Compare People v. Hall,* 28 Cal.3d 143, 167 Cal.Rptr. 844, 616 P.2d 826 (1980) (where defendant stipulates to prior conviction, which is an element of the crime, government must accept it and refrain from introducing evidence of other crime to prove element) *with State v. Dickens,* 198 Mont. 482, 647 P.2d 338 (1982) (not a denial of fair trial for prosecutor to refuse to stipulate). The California courts were the most vigorous proponents of requiring prosecutors to accept stipulations as binding. This rule, as articulated in *People v. Hall,* was recently repealed, however, by the so-called "Truth-in-Evidence" Initiative Constitutional Amendment. *People v. McGriff,* 158 Cal.App.3d 1151, 205 Cal. Rptr. 232 (1984).

decision in *Pedroza* as holding that "whether to accept a stipulation is a matter in the discretion of the trial court." *United States v. Williford*, 764 F.2d 1493, 1498 (11th Cir.1985) (distinguishing *Mohel* as involving an unequivocal offer to stipulate issue of intent).

Even assuming that *Pedroza* only liberalized *Mohel* in those particular situations where the stipulation goes to evidence necessary to provide an "explanation of the case,"—*but see Pedroza*, 750 F.2d at 201 ("[evidence concerning the] events involving the cocaine was necessary to the jury's understanding of, for example, whether a kidnapping was *intended*, why a kidnapping might have been thought desirable") (emphasis added)—it nonetheless has uncertain application to the instant case where opportunity, plan, and preparation are involved.[4] It is also far from compelling authority in this area.

Numerous courts have rejected the reasoning in *Mohel* as too rigid a constraint on a district court's wise exercise of its discretion. *See, e.g., United States v. Williford*, 764 F.2d 1493, 1498 (11th Cir.1985) (refusing to adopt per se rule on admission of evidence where defendant stipulates and instead choosing to analyze "offer to stipulate as one factor in making the 403 determination"); *United States v. Chaimson*, 760 F.2d 798, 805–06 (7th Cir.1985) (approving admission of other crimes evidence on intent issue and collecting Seventh Circuit cases where Second Circuit's reasoning was rejected); *see also United States v. Bass*, 794 F.2d 1305, 1312 (8th Cir.) (where evidence of other crimes that relates to identity and knowledge is such an "integral part of the immediate context of the crime charges ... it is not extrinsic evidence and therefore is not governed by Rule 404(b)" —though the dictates of Rule 403 must still be applied), *cert. denied, Price v. United States*, — U.S. —, 107 S.Ct. 233, 93 L.Ed.2d 159 (1986); *United States v. Booker*, 706 F.2d 860, 862 (8th Cir.) (government

within rights to reject stipulation as to prior conviction where it was a necessary element of the offense), *cert. denied*, 464 U.S. 917, 104 S.Ct. 283, 78 L.Ed.2d 261 (1983); *United States v. Williams*, 612 F.2d 735, 740 (3d Cir.1979) (district court need not require government to accept a stipulation of a prior felony conviction on element of offense charged), *cert. denied*, 445 U.S. 934, 100 S.Ct. 1328, 63 L.Ed.2d 770 (1980); *United States v. Brinklow*, 560 F.2d 1003, 1006 (10th Cir.1977) (to the same effect), *cert. denied*, 434 U.S. 1047, 98 S.Ct. 893, 54 L.Ed.2d 798 (1978). *See generally United States v. Torres*, 610 F.Supp. 1089, 1092–93 (E.D.N.Y.1985) (discussing cases contrary to Second Circuit Court's holding in *Mohel*).

The Fifth Circuit Court of Appeals articulated possibly the most cogent reason for not following the reasoning set forth in *Mohel* in its opinion of *United States v. Grassi*, 602 F.2d 1192, 1197 (5th Cir.1979) (citations omitted), *vacated on other grounds*, 448 U.S. 902, 100 S.Ct. 1415, 67 L.Ed.2d 381 (1980) (failure to discuss validity of search):

> It could also be argued that the offer of a stipulation, as a matter of law, totally eviscerates the probative value of a piece of evidence relevant to the matter stipulated and thus mandates exclusion of that evidence under Rule 403. The effect of adopting this opposite extreme in construing the Rule would be to require a party to accept any stipulation offered by his opponent and thus would allow a party to control the proof presented by his opponent at trial.... A piece of evidence can have probative value even in the event of an offer to stipulate to the issue on which the evidence is offered. A cold stipulation can deprive a party "of the legitimate moral force of his evidence," ... and can never fully substitute for tangible, physical evidence or the testimony of witnesses. In most cases, a party has the right to "present to the jury a picture of the events relied upon."

---

4. *See United States v. DeJohn*, 638 F.2d 1048, 1052 n. 4 (7th Cir.1981):

   It is important to avoid unnecessary use of similar acts evidence on the issues of intent and motive because the evidence may be un-duly prejudicial on subjective issues of a defendant's conduct. "Opportunity" is not a subjective issue: either defendant had access to the checks or he did not.

On the basis of the explication set forth in *Grassi* and the above cited cases, this Court declines the invitation to follow the approach in *Mohel,* especially where the 404(b) evidence goes to much more than the single issue of intent.

### III.

■ This Court's rejection of the reasoning set forth in *Mohel* does not resolve the issue, of course. It merely shifts the burden to this Court to engage in a balancing of the probative value of the other crimes evidence as opposed to its prejudicial impact.

The First Circuit Court of Appeals has noted that evidence of other prior crimes "may be especially appropriate in conspiracy prosecutions." *Scelzo,* at 4 (citing *United States v. Crocker,* 788 F.2d 802, 804 [1st Cir.1986]). In the usual case, however, the evidence is introduced for the purpose of establishing the intent of a defendant, an essential element of the offense of conspiracy. Although undoubtedly prejudicial to the defendant, the court has on numerous occasions concluded that the prejudice did not rise to the level of outweighing its probative value. *See, e.g., Scelzo,* 810 F.2d 2, 4 (1st Cir.1987); *United States v. Crocker,* 788 F.2d 802, 804 (1st Cir.1986); *United States v. Medina,* 761 F.2d 12, 15 (1st Cir.1985); *United States v. Zeuli,* 725 F.2d 813, 816–17 (1st Cir.1984); *United States v. Morris,* 700 F.2d 427 (1st Cir.), *cert. denied sub nom. Graham v. United States,* 461 U.S. 947, 103 S.Ct. 2128, 77 L.Ed.2d 1306 (1983).

In the instant case, Deliere objects to the introduction of other prior crimes evidence of Gerald W. Clemente, a co-defendant in the joint trial who has previously pleaded guilty to the counts charged. Specifically, the government has introduced, through various witnesses, evidence that Clemente has sold stolen police examinations and answers for upcoming examinations to members of various police departments. The Court has allowed this evidence to be considered against Deliere only for the limited 404(b) purpose stated earlier and only with respect to testimony that alleges illegal conduct that occurred prior to the date of the alleged illegal conduct between Deliere and Clemente. The government argues that the evidence is highly probative of Clemente's intent, motive, and plan to perpetrate his exam distribution scheme as well as his opportunity to gain access to sell any particular examination such as the one allegedly sold to Deliere. Further, the government contends that the evidence is essential to the jury's understanding of the scheme in its entirety. Deliere responds that the introduction of this evidence, even for the limited purpose limned in the Court's instructions, will lead to jury confusion with the jury unable to individualize the evidence as to him. He also argues that such evidence—supported as it is by corroborating testimony—will cause the jury to give greater weight to Clemente's expected testimony against Deliere. Finally, he argues that this Court should take notice of the fact that this evidence would be inadmissible against Clemente in a separate trial if Clemente were to offer the stipulation Deliere offers here.

The reasons set forth *supra* pp. 716–18, as to why a prosecutor should not be compelled to accept a defendant's stipulation apply with equal force to the government's argument here. To state simply that Gerald Clemente had the intent to perpetrate a grand exam selling scheme and also had access to police promotional exams over a number of years in a bare assertion to the jury could very well "rob the evidence of much of its fair and legitimate weight." *Pedroza,* 750 F.2d at 201. The government understandably desires to control its own case; the Court's imposition of a binding stipulation may severely damage its presentation.

Respectfully, the Court disagrees with Deliere's characterization of the level of prejudice. The Court has given adequate limiting instructions to the jury with respect to the purposes for which it may consider the "other crimes" evidence as to Deliere. The fear of spill-over is always present in conspiracy cases, *see, e.g., United States v. McNatt,* 813 F.2d 499, 503 (1st Cir.1987), this case does not present any greater difficulties in this regard than the usual. Second, the weight the jury may accord Gerald Clemente's testimony is a

function within its province; it is not for this Court to speculate as to the witness' credibility, most certainly not at this stage of the proceedings. Finally, while there may be some generalized spill-over prejudice, it is not of the character that was of concern to the court in *Mohel.* The other crime evidence, in this case, relates directly only to Gerald Clemente and not to Deliere. In fact, the evidence may damage Gerald Clemente's credibility and lead the jury to accord his testimony less weight. The level of prejudice that Deliere may suffer does not rise nearly to the level of that which exists when other crimes evidence is admitted against a defendant in the case-in-chief.[5]

The Court is not unmindful that when this motion was raised on the 19th day of trial, serious judicial resources had already been expended. While this Court in no way impugns the thoroughness of defense counsel, the untimeliness of the motion to compel a stipulation, made after the government had presented a major portion of its case, does not work in Deliere's favor.

Accordingly, the Court DENIES the motion to require a stipulation, the motion to sever, and the motion for mistrial.

See also 675 F.Supp. 714.

---

5. Deliere's assertion that the stipulation would be required in a separate trial where Clemente were the only defendant is, in fact, far from certain. See discussion *supra* pp. 716–18.