STATE of Wisconsin, Plaintiff-Respondent,

v.

Jose M. ALDAZABAL, Defendant-Appellant.†

Court of Appeals

*No. 87–2218–CR. Submitted on briefs June 24, 1988.—Decided August 18, 1988.*

(Also reported in 430 N.W.2d 614.)

† Petition to review denied.

For the defendant-appellant the cause was submitted on the briefs of *Richard D. Martin,* assistant state public defender.

For the plaintiff-respondent the cause was submitted on the brief of *Donald J. Hanaway,* attorney general, and *Gregory M. Posner-Weber,* assistant attorney general.

Before Dykman, Eich and Sundby, JJ.

SUNDBY, J. Jose Aldazabal appeals from a judgment convicting him of possession of a firearm by a felon, contrary to sec. 941.29, Stats. He claims that the evidence was insufficient to convict him because the state neglected to prove that he was a felon. He also appeals from an order denying his postconviction motion to dismiss the complaint. We conclude that the evidence that he was a felon was presented to the jury when the prosecutor in her opening statement advised the jury that Aldazabal had stipulated to that fact. We therefore affirm.

Aldazabal does not deny that he stipulated that he had been convicted of a felony. Nor does he deny that the prosecutor, in her opening statement, informed the jury of the stipulation. He concedes she "may" have. His position is that the prosecutor's opening statement was not evidence and that his stipulation was not put on the record by the court in the presence of the jury, as required by sec. 807.05, Stats.

Aldazabal's stipulation dispensed with the state's need to introduce evidence of his felony convictions.

Wisconsin recognizes two types of stipulations: First, those which are procedural in nature, and, second, those which are contractual. *Paine v. Chicago & N.W.R. Co.,* 217 Wis. 601, 604, 258 N.W. 846, 848 (1935). The former embrace stipulations which dispense with the necessity of offering proof on certain points. *See id.* at 605, 258 N.W. at 848. Such stipulations do not survive the trial at which they are offered and relied on. *Id.*

Aldazabal confuses the procedural stipulation with the contractual stipulation which must meet the requirements of sec. 807.05, Stats. We applied sec. 807.05 in *Adelmeyer v. Wis. Elec. Power Co.,* 135 Wis. 2d 367, 400 N.W.2d 473 (Ct. App. 1986), where the utility attempted to enforce an oral settlement stipulation. We held that the stipulation could not be enforced because it was neither made in court and entered into the minutes or recorded by the reporter nor was it made in writing and subscribed by the party to be bound thereby or by the party's attorney. The requirements of sec. 807.05, however, have nothing to do with in-court procedural stipulations or judicial admissions which dispense with an element of proof.

■ The state must prove each essential element of a crime beyond a reasonable doubt. *In re Winship,* 397 U.S. 358 (1970). It would, however, be pointless and a waste of judicial resources to require the state to prove elements of an offense to which the defendant has stipulated. Nevertheless, we agree with Aldazabal that the jury had to be informed of his stipulation. The trial court's reliance on Aldazabal's judgment of conviction, an exhibit which was not submitted to the jury, was misplaced. That exhibit could not supply the

missing evidentiary link. We conclude, however, that the prosecutor informed the jury of Aldazabal's stipulation. Aldazabal's reply brief states: "The prosecutor may have intended to inform the jury of the stipulation during her opening statement, and may sincerely believe that she did, but she *may* have forgotten to do this as well." (Emphasis added.) We do not consider this uncertain statement sufficient to rebut the prosecutor's affidavit that she did advise the jury of Aldazabal's stipulation. Aldazabal concedes that he has no way to challenge the truth of the prosecutor's affidavit. In the circumstances, we accept the prosecutor's affidavit that she informed the jury of Aldazabal's stipulation. That stipulation provided the evidence necessary to satisfy the jury beyond a reasonable doubt that Aldazabal was a convicted felon. The evidence was, therefore, sufficient to support his conviction.

*By the Court.*—Judgment and order affirmed.