STATE of Wisconsin, Plaintiff-Respondent,

v.

David McALLISTER, Defendant-Appellant.†

Court of Appeals

*No. 88-1364-CR. Submitted on briefs February 13, 1989.—Decided November 15, 1989.*

(Also reported in 451 N.W.2d 764.)

†Petition to review denied.

For the defendant-appellant the cause was submitted on the briefs of *Donald T. Lang,* assistant state public defender, of Madison.

For the plaintiff-respondent the cause was submitted on the brief of *Donald J. Hanaway,* attorney general and *Thomas J. Balistreri,* assistant attorney general.

Before Brown, P.J., Scott and Sundby, JJ.

SUNDBY, J. David McAllister appeals from a judgment convicting him of possession of a firearm as a felon, contrary to sec. 941.29, Stats.[1] McAllister claims that because he was willing to stipulate that he was a convicted felon, the trial court abused its discretion in admitting evidence of the nature of his prior felony conviction.

We conclude that where prior conviction of a felony is an element of the offense with which the defendant is charged and the defendant is willing to stipulate that he or she is a convicted felon, evidence of the nature of the felony is irrelevant if offered solely to establish the felony-conviction element of the offense. The trial court therefore abused its discretion in allowing the prosecutor to inform the jury as to the nature of McAllister's crime. We conclude, however, that the error was harmless and affirm the judgment.

[1]McAllister was also convicted of possession of a short-barreled shotgun, contrary to sec. 941.28, Stats. Conviction of a felony is not an element of the crime described in sec. 941.28.

525

## I.

## BACKGROUND

The state rejected McAllister's offer to stipulate that he had been convicted of a felony. The trial court received in evidence a certified copy of McAllister's robbery conviction. Over McAllister's objection, the trial court allowed the prosecutor to advise the jury that the judgment of conviction showed that McAllister had been convicted of the felony offense of robbery. The exhibit, however, did not go to the jury and the jury was not advised of the aggravated circumstances of the robbery or that McAllister was a repeat offender.

## II.

## ADMISSIBILITY OF EVIDENCE TO ESTABLISH FELONY—CONVICTION ELEMENT

(1) *Robbery Conviction as Other Crimes Evidence.* The state argues that McAllister's previous conviction was not evidence of other misconduct under sec. 904.04(2), Stats. Rather, it was conduct which formed an essential element of the crime charged. *State v. Aldazabal,* 146 Wis. 2d 267, 269, 430 N.W.2d 614, 616 (Ct. App. 1988). This distinction has not been drawn by the Wisconsin Supreme Court.

Admission of evidence that McAllister had been convicted of robbery had the danger of permitting the jury to convict him based on the inference that if he committed a robbery once, he was likely to have done so again. This is precisely the kind of evidence sec. 904.04(2), Stats., is intended to exclude. *See State v.*

*Rutchik,* 116 Wis. 2d 61, 67–68, 341 N.W.2d 639, 642 (1984).

The admissibility of evidence that McAllister previously had been convicted of robbery was not exempt from the two-step analysis required under secs. 904.04(2) and 904.03, Stats., *see State v. Evers,* 139 Wis. 2d 424, 434, 407 N.W.2d 256, 261 (1987), simply because conviction of a felony was an element of the crime with which he was charged.

(2) *State's Refusal to Stipulate.* The trial court ruled that it could not compel the state to accept McAllister's stipulation. As a general proposition, "a party is not required to accept a judicial admission of his adversary, but may insist on proving the fact." *United States v. Allen,* 798 F.2d 985, 1001 (7th Cir. 1986), (quoting *Parr v. United States,* 255 F.2d 86, 89 (5th Cir.), *cert. denied,* 358 U.S. 824 (1958)). The principle is that "[a] cold stipulation can deprive a party 'of the legitimate moral force of his evidence,' 9 *Wigmore on Evidence,* sec. 2591 at 589 [(3rd ed. 1940)], and can never fully substitute for tangible, physical evidence or the testimony of witnesses." *Allen,* 798 F.2d at 1001 (quoting *United States v. Grassi,* 602 F.2d 1192, 1197 (5th Cir. 1979), *vacated on other grounds,* 448 U.S. 902 (1980)).

We have found no Wisconsin case in point. A number of federal courts, however, have considered whether the government is required to accept a stipulation as to other-crimes evidence under Fed. R. Evid. 404(b), which is virtually identical to sec. 904.04(2), Stats.[2]

---

[2]To the extent that decisions of the United States Courts of Appeals show a pattern of construction they should be considered persuasive authority in construing rules of Wisconsin Civil Procedure that are based on federal rules. *Carlson Heating, Inc. v. Onchuck,* 104 Wis. 2d 175, 179 n. 2, 311 N.W.2d 673, 675–76 (Ct. App. 1981).

Several federal courts have refused to require the Government to accept the defendant's stipulation or admission of a prior crime where the prior crime tended to show intent, motive, plan, etc. *See, e.g., United States v. DeJohn,* 638 F.2d 1048 (7th Cir. 1981) (opportunity); *United States v. Doherty,* 675 F. Supp. 714 (D. Mass. 1987) (opportunity, intent, plan, preparation, and method); *United States v. Chaimson,* 760 F.2d 798 (7th Cir. 1985) (intent and preexisting scheme, design or plan); *United States v. Williford,* 764 F.2d 1493 (11th Cir. 1985) (intent).

Other federal courts, however, have admitted evidence of the nature of the crime, where the evidence was introduced solely to prove the felony-conviction element of the crime with which the defendant was charged. *See, e.g., United States v. Blade,* 811 F.2d 461 (8th Cir.), *cert. denied,* 484 U.S. 839 (1987) (in a prosecution for possessing firearm as a convicted felon, the Government was not required to accept defendant's stipulation in lieu of proof of that conviction); *Rush v. United States,* 795 F.2d 638 (8th Cir. 1986) (same); *United States v. Booker,* 706 F.2d 860 (8th Cir.), *cert. denied,* 464 U.S. 917 (1983) (same); *United States v. Williams,* 612 F.2d 735 (3rd Cir. 1979), *cert. denied,* 445 U.S. 934 (1980) (no authority for counsel or the court to modify a criminal statute by eliminating through stipulation one of the elements of the crime).

Other federal courts have held that where the defendant offers to stipulate or admit to the felony-conviction element of the crime with which he or she is charged, the trial court may abuse its discretion if it admits evidence of the nature of the prior felony conviction. *See, e.g., United States v. Spletzer,* 535 F.2d 950, 955–56 (5th Cir. 1976) (probative value of nature of conviction substantially outweighed by its danger of creating prejudice);

*United States v. O'Shea,* 724 F.2d 1514, 1516 (11th Cir. 1984) (where a prior conviction is part of an offense and the defendant offers to stipulate to the prior conviction, it may constitute an abuse of discretion to allow the nature of the offense to be admitted).

■

(3)    *Relevancy.* Evidence which is offered to prove an element of the offense with which the defendant is charged is relevant under sec. 904.01, Stats. The certificate of McAllister's conviction was therefore relevant to prove that McAllister had been convicted of a felony. The *nature* of McAllister's crime, however, was not relevant because McAllister offered to stipulate or admit that he was a convicted felon. The crime of possession of a firearm by a felon has two elements: the defendant possessed a firearm and had been convicted of a felony. Wis J I—Criminal 1343. The nature of the felony is not an element of the crime.

■

Where the defendant offers to stipulate to or admit the felony-conviction element of the crime with which he or she is charged, and the other-crimes evidence is not offered under sec. 904.04(2), Stats., to show the defendant's motive, opportunity, intent, or one of the other permissible exceptions, such evidence is irrelevant and should be excluded. We reject a rule which would make such evidence relevant and subject the evidence to a weighing under sec. 904.03. Such a rule would needlessly foster litigation.

## III.

## HARMLESS ERROR

### A.

The state, in effect, argues that admitting the evidence that McAllister had been previously convicted of robbery, if error, was harmless. It concedes that the trial court did not weigh the probative value of this evidence against its prejudicial effect. Where the trial court fails to set forth its reasoning in exercising its discretion to admit evidence, the appellate court should independently review the record to determine whether it provides a basis for the trial court's exercise of discretion. *State v. Pharr,* 115 Wis. 2d 334, 343, 340 N.W.2d 498, 502 (1983). We recognize this general rule, but conclude that it has no application here, where we have concluded that the evidence of the nature of McAllister's felony was irrelevant and should have been excluded at the first step of the other-crimes evidence analysis.

### B.

We can and must, however, subject the evidence-admission error to a harmless error analysis. We have an institutional responsibility to carefully examine the record before setting aside a conviction, even where error is confessed. *Rudolph v. State,* 78 Wis. 2d 435, 447, 254 N.W.2d 471, 476 (1977), *cert. denied,* 435 U.S. 944 (1978).

The test for harmless error is whether there is a reasonable possibility that the error contributed to the conviction. *Evers,* 139 Wis. 2d at 446, 407 N.W.2d at

266. We must look to the "totality of the record" and determine whether the error contributed to the trial's outcome. We conclude that there is no reasonable possibility that the error contributed to McAllister's conviction.

Sharon Hernandez testified that she saw McAllister and another man stop their bicycles in front of the apartment where she was visiting. McAllister's companion handed him a Piggly Wiggly grocery bag. Sharon saw McAllister take a long and narrow wooden object from the bag and put it down the front of his shirt. She testified that the shotgun appeared to be the same object she saw McAllister put in his shirt. From the bag, McAllister took a nylon stocking and a pair of gloves. He and his companion split up and rode off. Sharon observed the police stop and search McAllister and his companion. The police found nothing on their persons. Sharon and her sister-in-law, Lorna Hernandez, searched the area in back of the apartment building. Near a dumpster, Sharon found a nylon stocking. In a window well of one of the apartment buildings, she saw a shotgun. The police retrieved the gun.

Lorna Hernandez testified that she saw the two men passing the grocery bag back and forth. She did not see either of them take anything from the bag. However, she saw gloves when the two had the grocery bag open. She saw one man stick a nylon stocking up the back of his shirt. She and Sharon found the nylon stocking by the dumpster.

Willie Gillard testified that he and McAllister were riding their bicycles and stopped at the corner of Golf and Northwestern Avenues to finish up some beer. A handle grip came off the bicycle. McAllister tucked the grip in his pants. They separated to look for a friend's house so that Gillard could go to the bathroom. Gillard

531

went around to the back of the buildings while McAllister went to the front. McAllister joined him near the dumpster. McAllister found a Piggly Wiggly grocery bag containing articles of clothing, a purse with a gun. When they saw the police, they threw down the items from the bag and left.

McAllister confirmed that he and Gillard stopped at the corner of Golf and Northwestern Avenues to finish their beer. He had a pair of gloves in the waistband of his warm-up pants. He confirmed Gillard's testimony that he tucked the bicycle grip in his waistband. McAllister told Gillard to go around to the back to see if he could find where a friend of his lived. When he rode up to Gillard at the dumpster, Gillard had a bag the contents of which he had poured on the ground. McAllister observed a black leather case with a wooden handle sticking out of it. He opened the black bag and found the shotgun. He gave it to Gillard because he knew he was not supposed to have firearms. He then observed the police and dropped the gun and left. At that point they were stopped by the police.

McAllister's and Gillard's explanations as to what happened cannot be reconciled with the testimony of Sharon and Lorna Hernandez. McAllister and Gillard testified that they stopped at the corner of Golf and Northwestern Avenues to drink beer. McAllister drank two beers and Gillard drank three beers. They were at the corner for approximately twenty minutes. Neither Sharon nor Lorna Hernandez observed either McAllister or Gillard drinking beer.

Sharon and Lorna Hernandez testified that they saw McAllister and Gillard in possession of a Piggly Wiggly grocery bag. McAllister and Gillard denied having such a bag, but admitted possessing a small bag containing the beer.

The evidence that McAllister had the shotgun in his possession on the date of the alleged offense is largely circumstantial. If the jury believed the testimony of Sharon and Lorna Hernandez, it could have concluded from that testimony and the physical evidence that at the date and time of the alleged offense, McAllister was in possession of a firearm. The physical evidence refuted crucial points of McAllister's and Gillard's testimony.

McAllister testified that he and Gillard saw the Piggly Wiggly bag by the dumpster and that Gillard emptied it on the ground. The investigating officer who checked this area within seconds of detaining McAllister and Gillard found the paper bag approximately 100 feet from the dumpster. Its contents were not scattered on the ground.

When McAllister was searched, neither the gloves nor the bicycle handle grip was found on his person. McAllister did not advise the investigating officer that he possessed the grip. Nor did he testify at his preliminary examination to its possession. He gave no explanation for his belated trial testimony.

It was the jury's duty to determine the credibility of the witnesses. *State v. Teynor,* 141 Wis. 2d 187, 205, 414 N.W.2d 76, 83 (Ct. App. 1987). If the jury disbelieved McAllister's or Gillard's testimony in any part, it was free to reject all of their testimony. *Estate of Rich,* 26 Wis. 2d 86, 88, 131 N.W.2d 909, 911 (1965).

As in *Evers,* "[t]he record shows that the prior crimes evidence did not loom large in the state's presentation of the case." 139 Wis. 2d at 450, 407 N.W.2d at 267. The prosecutor, in his opening statement, simply stated that the incident gave rise to both charges "because we will also present evidence that Mr. McAllister was convicted in 1981 of the charge of robbery." In his closing argument, the prosecutor stated that "[t]he

defendant has been shown by certified copy of his previous record to be a convicted felon . . .." No mention was made in closing that McAllister's crime was robbery. Nor did the prosecutor argue that McAllister was planning a robbery.

The jury instructions did not emphasize the robbery nature of McAllister's felony. The trial court instructed the jury: "A second element [of the offense of possession of a firearm by a felon] requires that the defendant had been convicted of a felony before June 4, 1987. Robbery is a felony in Wisconsin."

McAllister emphasized his felon status in establishing his defense. He testified that he dropped the shotgun like a "hot potato" because he knew that as a convicted felon, he was not entitled to possession. McAllister also admitted that he had been convicted of three felonies. We agree with the state that, "[e]vidence that [McAllister] had previously been convicted of the felony of robbery added only particularity, not substantial weight, to the adverse inference the jury could draw from the evidence before [it]."

We conclude that the evidence was such that a jury, without the evidence that McAllister had been convicted of robbery, would have returned a verdict of guilty. The record indicates that a retrial without the erroneously admitted evidence would yield the same result. There is no reasonable possibility that the error of permitting the jury to know that McAllister had been convicted of robbery contributed to his conviction. *See State v. Dyess,* 124 Wis. 2d 525, 543, 370 N.W.2d 222, 232 (1985) (test for harmless error is whether there is a reasonable possibility that the error contributed to the conviction). The error was harmless beyond a reasonable doubt. Accordingly, we affirm McAllister's conviction.

*By the Court.*—Judgment affirmed.

SCOTT, J. (concurring). Though I agree with the result reached by the majority, I write separately because I cannot agree that the evidence showing the nature of the felony is irrelevant. The evidence is indeed relevant to prove one of the elements of the crime of which McAllister was charged.

In this case, the defendant was charged with a violation of sec. 941.29, Stats., which makes it a crime for a person to possess a firearm if that person has been convicted of a felony. In order to obtain a conviction, the state must prove the following elements to the jury beyond a reasonable doubt: first, that the defendant possessed a firearm; second, that the defendant had been convicted of a felony.

The standard jury instruction for the foregoing offense reads in part as follows:

> The second element requires that the defendant had been convicted of a felony before —————.
> ————— is a felony in Wisconsin.

> If you are satisfied beyond a reasonable doubt that the defendant knowingly possessed a firearm and had previously been convicted of a felony, you should find the defendant guilty.

> If you are not so satisfied, you must find the defendant not guilty.

Wis J I—Criminal 1343 (footnotes omitted). The standard instruction would be meaningless unless the blank is filled in with the name of the crime of which the defendant has previously been convicted.

Relevant evidence is evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less

probable than it would be without the evidence. Sec. 904.01, Stats. Stated more simply, relevant evidence is "[a]ny fact which tends to prove a material issue." *Rogers v. State,* 93 Wis. 2d 682, 688, 287 N.W.2d 774, 776 (1980). Evidence of McAllister's prior robbery conviction is, therefore, relevant because it is a recognized means of proving a necessary element of the crime with which he is charged.

Although relevant, evidence may still be excluded if its probative value is substantially outweighed by the danger of unfair prejudice. Sec. 904.03, Stats. McAllister's trial counsel objected to the admission of the certified copy of McAllister's prior robbery conviction on the grounds that "it is so prejudicial to the defendant that I don't believe . . . it is relevant." The inelegant phrasing makes the precise basis of the objection unclear.

Assuming the trial court understood the objection to be on relevancy grounds, the court correctly admitted the certificate. Assuming the trial court understood the objection to be that identifying McAllister's prior felony was unfairly prejudicial, it was still admissible. Since it was the only evidence in the record to prove the prior felony, and since it was necessary to prove an element of the offense, its probative effect could hardly be outweighed by its being unfairly prejudicial.

The majority opinion seems to hold that the certificate was improperly admitted as "other crimes" evidence. Majority op. at 526–27. Evidence of other crimes is not admissible to prove the character of the person to show that he acted in conformity therewith. Sec. 904.04(2), Stats. The majority asserts that "[t]he admissibility of evidence that McAllister previously had been convicted of robbery was not exempt from the two-step analysis required under secs. 904.04(2) and 904.03,

Stats., simply because conviction of a felony was an element of the crime with which he was charged." Majority op. at 527 (citation omitted).

I disagree that this is "other crimes" evidence. McAllister's prior felony conviction—which happened to be robbery—was offered to prove an element of the crime. It was not offered as other crimes evidence under sec. 904.04(2), Stats. McAllister objected to identifying the prior felony conviction as a robbery on the grounds that it was unfairly prejudicial in that it would be used by the jury in the same manner as *Whitty* evidence. He did not, however, suggest to the trial court any alternative instructions to be used in instructing the jury. Instead, McAllister offered to stipulate, an offer the state refused. I agree with the majority that the trial court correctly concluded it could not force the state to stipulate. The defendant then asked the court to take judicial notice of the fact of a prior felony conviction, and the court properly concluded that that would be directing a verdict as to an element of the offense. That the court could not do. *See State v. Leist,* 141 Wis. 2d 34, 37–38, 414 N.W.2d 45, 46–47 (Ct. App. 1987).

I fail to see the trial court error in this case. The judge could not compel the state to accept McAllister's stipulation and could not take the element from the jury. The court, lacking suggested alternative instructions, simply proceeded with the standard instructions for the jury. Faced with this record, I find no error and therefore find it unnecessary to go through an analysis of harmless error. I would simply affirm the judgment on the ground that there was no error.