PER CURIAM.
¶ 1 Ronald Kupsky appeals an amended criminal judgment convicting him of four felonies, including bail jumping, and also an order denying his postconviction motion for a new trial. Kupsky claims his trial counsel provided ineffective assistance on the bail jumping count by failing to obtain a stipulation to prevent the State from introducing evidence identifying the specific charge for which Kupsky was out on bond. We conclude trial counsel did not provide ineffective assistance because Kupsky explicitly directed counsel not to seek such a stipulation. We therefore affirm the judgment of conviction and the order denying postconviction relief.
BACKGROUND
¶ 2 As pertinent to this appeal, the State charged Kupsky with bail jumping based upon allegations that Kupsky had sexual contact with a twelve-year-old girl in Door County while he was out on bond on a charge of first-degree sexual assault of a child in Outagamie County. In order to obtain a conviction on the bail jumping charge, the State needed to prove beyond a reasonable doubt that: (1) Kupsky was charged with a felony; (2) Kupsky was released from custody on bond; and (3) Kupsky intentionally failed to comply with the terms of his bond by committing additional crimes. See WIS. STAT. § 946.49(1) (2015-16);[2] see also WIS JI-CRIMINAL 1795.
¶ 3 Kupsky's trial counsel asked the prosecutor whether the State would be willing to stipulate in relation to the first two elements of bail jumping that Kupsky was out on bond for a felony charge, without specifying the charge was first-degree sexual assault of a child. The prosecutor refused to agree to such a stipulation. Instead, the prosecutor maintained-in conformity with the standard jury instruction providing that the felony offense on which Kupsky was released on bond be named-that any stipulation on the bail jumping count would need to identify the specific felony with which Kupsky had been charged. See WIS JI-CRIMINAL 1795.
¶ 4 Trial counsel initially advised Kupsky that Comment 5 to the standard jury instruction on bail jumping seemed to support the State's position that the jury could be told that Kupsky had been out on bond for an alleged first-degree sexual assault of a child. Comment 5 states: "In the Committee's judgment, the jury may be told that a certain crime is in fact a felony or a misdemeanor. The jury must find that the defendant was actually arrested for or charged with that crime." WIS JI-CRIMINAL 1795, Comment 5.
¶ 5 However, after conducting some research, trial counsel further advised Kupsky that he could "maybe" obtain an order from the circuit court compelling the State to accept a stipulation that Kupsky had been out on bond on an unspecified felony. Trial counsel's revised opinion was based upon the Old Chief line of cases, which hold that a court can direct the State to accept a stipulation on a "status element" such as a prior conviction. Old Chief v. United States , 519 U.S. 172 (1997). Although trial counsel could not find any cases directly on point addressing whether the first two elements of bail jumping qualified as "status elements," trial counsel thought that the circuit court could be open to such an argument. Thereafter, counsel strongly advised Kupsky to seek a stipulation on the first two elements of the bail jumping charge, and he told Kupsky on more than one occasion that Kupsky was making a mistake by not doing so.
¶ 6 Kupsky rejected trial counsel's advice and refused to take any further steps to obtain a stipulation on the first two bail jumping elements because Kupsky wanted to put the State to the burden of calling witnesses to prove the existence of the underlying charge and bond conditions. Kupsky also wanted to make sure the jury was aware that one of his bond conditions prohibited only unsupervised contact with a minor, because Kupsky maintained that he was not alone with the minor victim in this case. Trial counsel feared eliciting such evidence on the bond conditions would open the door for the State to inform the jury of the nature of the charge, even if the defense could otherwise compel the State to enter a stipulation on the first two elements. Although trial counsel believed that Kupsky was making an irrational decision not to pursue a stipulation, which was perhaps based upon Kupsky's dislike of the prosecutor, trial counsel also viewed Kupsky as "a very strong-minded, opinionated, intelligent person" and he was satisfied that Kupsky understood his options.
¶ 7 Ultimately, no stipulation was made, and the State made numerous references throughout the proceedings to the fact that Kupsky had been out on bond for first-degree sexual assault when he committed the offenses alleged in the current case. The jury found Kupsky guilty of all counts with the exception of a count of exposing a minor to harmful materials. The circuit court denied Kupsky's motion for postconviction relief based upon trial counsel's claimed ineffective assistance, and Kupsky now appeals.
STANDARD OF REVIEW
¶ 8 Claims of ineffective assistance of counsel present mixed questions of law and fact. Strickland v. Washington , 466 U.S. 668, 698 (1984). We will not set aside the circuit court's factual findings about what actions counsel took or the reasons for them unless the findings are clearly erroneous. State v. Pitsch , 124 Wis. 2d 628, 634, 369 N.W.2d 711 (1985). However, whether counsel's conduct violated the constitutional standard for effective assistance of counsel is ultimately a legal determination that this court decides independently. Id.
DISCUSSION
¶ 9 A claim of ineffective assistance of counsel has two parts: (1) deficient performance by counsel; and (2) prejudice resulting from that deficient performance. State v. Swinson , 2003 WI App 45, ¶ 58, 261 Wis. 2d 633, 660 N.W.2d 12. We need not address both components of the test if the defendant fails to make a sufficient showing on one of them. Id. Here, we conclude that counsel's performance was not deficient.
¶ 10 To prove deficient performance, a defendant must overcome a strong presumption that counsel acted reasonably within professional norms. Id. A defendant makes this showing by demonstrating that counsel made errors so serious as to essentially not be functioning as the counsel guaranteed to the defendant by the Sixth Amendment of the United States Constitution. Id. Kupsky does not dispute either the fact that he directed counsel not to enter a stipulation on the elements of the bond jumping charge or the legal proposition that "counsel cannot be faulted for following the informed and well-considered instructions of his or her client." State v. Pote , 2003 WI App 31, ¶ 37, 260 Wis. 2d 426, 659 N.W.2d 82 (citation omitted). Rather, Kupsky contends that his instruction to trial counsel was not "informed and well-considered" because trial counsel misinformed Kupsky about whether the State could be compelled to enter a stipulation stating that Kupsky had been on bond for a felony, without identifying that felony.
¶ 11 Kupsky specifically faults counsel for: (1) initially informing Kupsky that the "jury instruction permits the judge to read what the charge was"; and (2) inaccurately presenting the option of obtaining a circuit court order to compel the State to accept a stipulation on the first two elements of the bail jumping count as something that "maybe" could be done, rather than something to which Kupsky was entitled under existing case law, even if the defense also elicited testimony regarding the bond condition on unsupervised contact. We do not agree that trial counsel's statements to Kupsky incorrectly stated the law.
¶ 12 First, there is no question that trial counsel accurately informed Kupsky about what the jury instruction and comment to the jury instruction stated. Regardless of whether the jury instruction or comment would in turn bar a stipulation, we are satisfied it was reasonable for trial counsel to advise his client of this potential obstacle.
¶ 13 Second, all of the cases Kupsky cites in which courts were required to accept stipulations on "status elements" involved the admission of prior convictions. See Old Chief , 519 U.S. 172 (possession of firearm by a felon); State v. Warbelton , 2009 WI 6, 315 Wis. 2d 253, 759 N.W.2d 557 (stalking by a person with prior conviction for violent crime); State v. McAllister , 153 Wis. 2d 523, 451 N.W.2d 764 (Ct. App. 1989) (possession of firearm by a felon).
¶ 14 In two other cases Kupsky cites to support his contention that the first two elements of bail jumping are status elements, the reviewing court held that the circuit court was not required to accept a stipulation. In State v. Veach , 2002 WI 110, 255 Wis. 2d 390, 648 N.W.2d 447, the Wisconsin Supreme Court held that the circuit court was not required to accept a stipulation as to intent on a sexual assault charge in order to avoid the admission of a judgment of conviction for a prior sexual assault. Id. , ¶¶ 118-23. The court clarified that stipulations are required only when evidence of a prior conviction is necessary solely to prove the element of a prior conviction. Id. , ¶ 124. In State v. Cleveland , 2000 WI App 142, 237 Wis. 2d 558, 614 N.W.2d 543, we held that the State could not be required to stipulate that an exhibit was "harmful to children," rather than submitting the exhibit to the jury to prove an element of a charge of exposing a child to harmful material, because the exhibit did not relate to the defendant's "legal status, dependent on some judgment rendered wholly independently of the concrete events of later criminal behavior charged against him." Id. , ¶ 14 (quoting Old Chief , 519 U.S. at 190 ).
¶ 15 Kupsky does not point to any cases holding that the first two elements of bail jumping constitute "status elements," and has not persuaded us that the above cases compel that conclusion. We therefore agree with the State that it is an open or unsettled question whether the State can be compelled to accept a stipulation that a defendant was on bond for committing an unspecified felony. See State v. Van Buren , 2008 WI App 26, ¶ 19, 307 Wis. 2d 447, 746 N.W.2d 545 (law is unsettled when there is no controlling case law on point). We further agree with the State that "an attorney is not liable for an error of judgment on an unsettled proposition of law." State v. Maloney , 2005 WI 74, ¶ 23, 281 Wis. 2d 595, 698 N.W.2d 583 (internal punctuation and citation omitted).
¶ 16 In sum, trial counsel accurately informed Kupsky the pattern jury instruction provided that the jury would be informed of the nature of the offense for which he was released on bond. Further, trial counsel correctly informed Kupsky that there was a possibility that he could obtain a circuit court order requiring the State to stipulate to the first two elements of the bail jumping charge and counsel advised Kupsky to seek such a stipulation, but Kupsky refused to do so. Kupsky cannot now complain that his trial counsel provided ineffective assistance by following Kupsky's own directions. See Pote , 260 Wis. 2d 426, ¶ 37.
¶ 17 In light of our decision that trial counsel acted within professional norms when he advised Kupsky, we need not address Kupsky's additional arguments that he was prejudiced by the admission of testimony and multiple statements by the prosecutor advising the jury that Kupsky had been on bond on a charge of first-degree sexual assault of a child.
By the Court. -Judgment and order affirmed.
This opinion will not be published. See WIS. STAT. RULE 809.23(1)(b)5.

All references to the Wisconsin Statutes are to the 2015-16 version unless otherwise noted.