STATE of Wisconsin, Plaintiff-Appellant,

v.

Edwin H. COOK, Defendant-Respondent.†

Court of Appeals

*No. 86–2277–CR. Submitted on briefs June 22, 1987.—Decided August 5, 1987.*
(Also reported in 413 N.W.2d 647.)

On behalf of the plaintiff-appellant, the cause was submitted on the briefs of *Donald J. Hanaway,* attorney general and *Barry M. Levenson,* assistant attorney general.

---

† Petition to review filed. This petition was not decided at the time the volume went to press. Its disposition will be reported in a later volume.

On behalf of the defendant-respondent, the cause was submitted on the brief of attorney *Leonard D. Kachinsky* of Neenah.

Before Scott, C.J., Brown, P.J., and Nettesheim, J.

SCOTT, C.J. The state appeals from a nonfinal order compelling it to consent to Edwin H. Cook's waiver of a jury trial. Because this court concludes that the state is not required to justify its refusal to consent to a jury trial waiver and that Cook has not been denied equal protection, we reverse the order and remand for a trial by jury.

Cook was charged with intentionally mistreating an animal, contrary to sec. 948.02, Stats. The complaint alleged that on November 14, 1986, Cook threw his nine-week-old dog "Tommy" from a second-story window onto the sidewalk because the dog was not housebroken. A neighbor found the dog bleeding and barely breathing. Tommy eventually recovered from the injuries.

Cook executed a written waiver of jury trial on November 24, 1986, which the assistant district attorney refused to sign. Cook's request for a waiver was denied by Judge Robert A. Hawley on the ground that the court was without authority to compel the state to consent.

Cook moved for a substitution, and Judge Thomas S. Williams was assigned to the case. On December 4, 1986, Cook moved the trial court to compel the state to consent to the jury trial waiver. Following a hearing, the trial court granted the motion on December 10, 1986, finding that the state had deviated from its practice of consenting to jury trial waivers and that it had not adequately justified its refusal to do so in this case.

The state petitioned this court for leave to appeal a nonfinal order pursuant to Rule 809.50(1), Stats. The petition was granted on January 12, 1987.

The United States Constitution and the Wisconsin Constitution guarantee the right of an accused to a trial by jury. U.S. Const. amend. VI; Wis. Const. art. I, sec. 7. In 1911, the Wisconsin legislature granted the accused the right to waive a jury trial, sec. 4687, Stats. (1911), and later amended the statute to require the state's consent, sec. 357.01, Stats. (1949).

■ The accused has no constitutional right to waive a jury trial, nor is the statutory right of waiver an absolute one. *Spiller v. State,* 49 Wis. 2d 372, 374, 182 N.W.2d 242, 243 (1971). Thus, the issue is not whether the state can refuse to consent to a jury trial waiver, but whether it must justify its refusal to do so.

The current waiver statute, sec. 972.02, Stats., reads in part:

> **Jury trial; waiver. (1)** Except as otherwise provided in this chapter, criminal cases shall be tried by a jury of 12, drawn as prescribed in ch. 805, unless the defendant waives a jury in writing or by statement in open court, on the record, with the approval of the court and the consent of the state.

The issue presented to this court is one of statutory construction raising a question of law. Therefore, we owe no deference to the trial court's determination. *Bonn v. Haubrich,* 123 Wis. 2d 168, 171–72, 366 N.W.2d 503, 505 (Ct. App. 1985).

Section 972.02, Stats., was patterned after Rule 23 of the Federal Rules of Criminal Procedure.[1] Neither

---

[1]Federal Rule of Criminal Procedure 23(a) states:

statute explicitly requires the state to justify its refusal to consent to a jury trial waiver. Although the Wisconsin Supreme Court has not had an opportunity to decide whether such a justification is implicitly required under sec. 972.02, the United States Supreme Court has decided the issue with respect to Rule 23. *Singer v. United States,* 380 U.S. 24 (1965). Because the Wisconsin statute was patterned after the federal rules, the *Singer* Court's interpretation is persuasive authority. *See State ex rel. Pflanz v. County Court,* 36 Wis. 2d 550, 557, 153 N.W.2d 559, 563 (1967).

Singer was indicted for mail fraud and waived his right to a jury trial. The prosecutor refused to consent, as required by Rule 23 for waiver, and Singer challenged the refusal. After rejecting the argument that Singer had a constitutional right to waive a jury trial, 380 U.S. at 34–35, the Supreme Court discussed the issue of conditioning the waiver on the prosecutor's consent.

> We find no constitutional impediment to conditioning a waiver of this right on the consent of the prosecuting attorney and the trial judge when, if either refuses to consent, the result is simply that the defendant is subject to an impartial trial by jury—the very thing that the Constitution guarantees him.

**Trial by Jury.** Cases required to be tried by jury shall be so tried unless the defendant waives a jury trial in writing with the approval of the court and the consent of the government.

The drafter of the 1949 revision of current sec. 972.02, Stats., wrote that the revised statute was modeled upon Federal Rule 23. Platz, *The 1949 Revision of the Wisconsin Code of Criminal Procedure,* 1950 Wis. L. Rev. 508, 512–13.

*Id.* at 36. The Court went on to decide the very issue before us:

> Because of [our] confidence in the integrity of the federal prosecutor, Rule 23(a) does not require that the Government articulate its reasons for demanding a jury trial at the time it refuses to consent to a defendant's proffered waiver.

*Id.* at 37.

In his brief, Cook's attorney calls our attention to a passage in *Singer* where the Court noted that there might be situations where the government's refusal to consent would deny the defendant's right to an impartial trial. However, we read *Singer* as explicitly refusing to decide if such an exception exists.

> We need not determine in this case whether there might be some circumstances where a defendant's reasons for wanting to be tried by a judge alone are so compelling that the Government's insistence on trial by jury would result in the denial to a defendant of an impartial trial.

*Id.* We, like the Supreme Court, do not decide whether some set of circumstances would mandate consent to a jury waiver by the state to guarantee an impartial trial. Even if such an exception exists, Cook has failed to show exceptional circumstances which would entitle him to such relief.

Cook also argues that the state's deviation from a longstanding practice of consenting to jury waivers creates an inference that equal protection was denied, thus shifting the burden to the state to justify its refusal. This court knows of no authority, and Cook has not brought any to our attention, where the mere creation of an inference shifts the burden to the other party. The burden of proof in an equal protection case is dependent on the type of interest sought to be

protected. If a fundamental interest is involved, the state must show a compelling state interest;[2] if a fundamental interest is not involved, the party challenging the constitutionality must disprove the existence of a rational basis for the state's actions. *In re Guardianship of Nelson,* 98 Wis. 2d 261, 268–69, 296 N.W.2d 736, 739 (1980); *see also Blair v. Hebl,* 498 F. Supp. 756, 759 n. 1 (W.D. Wis.), *aff'd without opinion,* 639 F.2d 786 (7th Cir. 1980).

Cook would argue that a fundamental right is affected, i.e., the right to an impartial jury. However, the Supreme Court stated in *Singer* that the refusal of the state to consent to a jury trial waiver does not affect the right to an impartial jury when other safeguards exist, e.g., change of venue, *voir dire,* peremptory challenges and challenges for cause. *Singer,* 380 U.S. at 35. Therefore, the only right which Cook is seeking to protect is the right to waive a jury trial. Because this is not a fundamental right, Cook bears the burden of showing that no rational basis exists for the prosecutor's decision, a burden he has not met.

Wisconsin courts have consistently required a high level of proof when attempting to show a denial of equal protection based on the discretionary acts of a prosecutor. To disprove the existence of a rational basis, Cook must "establish a persistent and intentional discrimination," *Locklear v. State,* 86 Wis. 2d 603, 610, 273 N.W.2d 334, 337 (1979), or discrimination which is "intentional, systematic and arbitrary,"

---

[2]A compelling state interest must also be shown if the party challenging the classification is a member of a suspect class. *In re Guardianship of Nelson,* 98 Wis. 2d 261, 266–67, 296 N.W.2d 736, 738 (1980). However, we have no evidence before us that such a situation exists.

*Village of Menomonee Falls v. Michelson,* 104 Wis. 2d 137, 145, 311 N.W.2d 658, 662 (Ct. App. 1981). Cook has made no showing that he was the victim of such discrimination. In his brief, he merely presents several possible legitimate reasons for the state's decision to withhold consent and then states that because these reasons were not present in his case, there was no rational basis for the prosecutor's decision.

Cook has not disproved the existence of trial tactics as a rational basis. The United States Supreme Court has recognized this as a rational justification for peremptory challenges, another area of prosecutorial discretion for which the prosecutor generally need not give reasons. *Batson v. Kentucky,* 476 U.S. 79, —, 106 S. Ct. 1712, 1718–19 (1986). The only situation where reasons are required of the prosecutor occurs when the prosecutor's sole basis for making peremptory challenges is based on the jurors' race. *Id.* at —, 106 S. Ct. at 1718–19. Only then does the burden shift to the prosecutor to explain the challenges. *Id.* at —, 106 S. Ct. at 1723. Cook has made no such showing that a similar exceptional circumstance exists.

Therefore, we conclude that Cook has failed to prove that he was denied equal protection as a result of the state's refusal to consent to a jury trial waiver. Further, under the rationale of *Batson,* at least on the facts of this case, the district attorney is not required to justify his decision to withhold consent. The order is reversed and the cause remanded for a trial by jury.

*By the Court.*—Order reversed and cause remanded.