# COURT OF APPEALS
# DECISION
# DATED AND FILED

## July 6, 2022

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

| | |
|---|---|
| **Appeal Nos.** **2021AP1917** | Cir. Ct. Nos. **2019TP6** |
| **2021AP1918** | **2019TP7** |
| **2021AP1919** | **2019TP8** |
| **STATE OF WISCONSIN** | **IN COURT OF APPEALS** |
| | **DISTRICT I** |

APPEAL NO. 2021AP1917

IN RE THE TERMINATION OF PARENTAL RIGHTS TO S.P., A PERSON UNDER THE AGE OF 18:

STATE OF WISCONSIN,

      PETITIONER-RESPONDENT,

   V.

S.A.,

      RESPONDENT-APPELLANT.

APPEAL NO. 2021AP1918

IN RE THE TERMINATION OF PARENTAL RIGHTS TO J.P., A PERSON UNDER THE AGE OF 18:

STATE OF WISCONSIN,

      PETITIONER-RESPONDENT,

   V.

S.A.,

      RESPONDENT-APPELLANT.

**APPEAL NO. 2021AP1919**

**IN RE THE TERMINATION OF PARENTAL RIGHTS TO J.P., A PERSON UNDER THE AGE OF 18:**

**STATE OF WISCONSIN,**

      **PETITIONER-RESPONDENT,**

  **V.**

**S.A.,**

      **RESPONDENT-APPELLANT.**

---

      APPEALS from orders of the circuit court for Milwaukee County: MARSHALL B. MURRAY, Judge. *Affirmed.*

¶1    DUGAN, J.[1] Sarah appeals from orders of the circuit court terminating her parental rights to her three children.[2] On appeal, Sarah argues that the trial court erroneously excluded the family therapist as a witness from the jury trial that was held during the grounds phase of the proceedings. This court disagrees, and for the reasons set forth below, this court affirms.

---

[1] This appeal is decided by one judge pursuant to WIS. STAT. § 752.31(2)(e) (2019-20). All references to the Wisconsin Statutes are to the 2019-20 version unless otherwise noted.

[2] For ease of reference and to maintain the confidentiality of these proceedings, this court uses a pseudonym to refer to the mother.

## BACKGROUND

¶2     The State filed a petition to terminate Sarah's parental rights to her three children on January 11, 2019, and alleged that Sarah had failed to assume parental responsibility and that the children were in continuing need of protection or services (CHIPS).[3]  The petition primarily cited concerns with Sarah's ability to control her anger and mental health, a history of domestic violence in the home between Sarah and the children's father, and a pattern of Sarah leaving her children home alone.  The petition stated that the children had been placed outside of Sarah's care on July 1, 2017, and a CHIPS order had been entered on December 18, 2017.  Sarah contested the petition, and the case proceeded to a jury trial on the grounds phase, which took place in June of 2021.

¶3     On the first day of trial, the State objected to Sarah calling the family therapist to testify in regards to Sarah's involvement with the children's therapy and her understanding of the children's needs.[4]  In response to the State's objection, Sarah's counsel noted that Sarah "believes her children's therapy is private" and she has only "allowed for the treatment plan, progress treatment goals and attendance" to be released to all the parties.  Therefore, counsel argued that the therapist should be allowed to present "very limited" testimony.  The guardian ad litem (GAL) joined the State's objection and took the position that the therapist was providing an expert opinion for which the GAL was not prepared due to the

---

[3] The petition also sought to terminate the rights of the father.  The father's parental rights are not at issue in this appeal.

[4] The therapist that Sarah sought to call as a witness was a therapist Sarah chose for her children and the therapist began working with them beginning in June 2020.

lack of records. The GAL also argued in the alternative that the case manager could provide the same "limited" testimony and there was no need to call the therapist. The State further added that it did not dispute that limited records had been provided; however, it argued that those records failed to address the testimony that Sarah sought to introduce through the therapist, namely "information [about] the observations of the children's behavior and ability to assess if [Sarah] can meet those needs."

¶4    The trial court excluded the therapist as a witness, and it made the following ruling:

> My decision is as follows as to the therapist …, her testimony may be relevant at the dispositional phase regarding the children but without there being shared information as was required by [Sarah] to the litigants[,] I'm going to deny her testimony during the grounds phase of the proceedings and withhold my decision as to whether or not her—whether or not what she has to offer may be relevant as to the best interest phase.

¶5    Over the course of the four-day trial that followed, the jury heard testimony from Sarah, multiple case managers, an advocate for Sarah from Casa Maria Catholic Worker House that provided social services to Sarah during her imprisonment and helped Sarah transition back to the community upon her release, and the director of operations at Butterfly Family Services where Sarah had supervised visits with her children for a period of time. The jury ultimately found both grounds as alleged in the petition, and the case proceeded to the disposition. Prior to the disposition hearing, the records from the therapist were provided to the State and the GAL, and the therapist was allowed to testify at the disposition. Following the disposition, the trial court found that it was in the children's best interest to terminate Sarah's parental rights.

4

¶6     Sarah filed a postdisposition motion in which she alleged that the trial court erroneously excluded the therapist as a witness during the jury trial. The trial court denied Sarah's motion saying:

> The fact is [] that [the therapist] could have testified had [Sarah] allowed [the therapist] to provide discovery of her notes, her therapy notes to the parties, the guardian ad litem and the State. As a matter of fact, the evidence of that is [] that because in the second phase when [Sarah] finally said okay, and allowed [the therapist] to release that information, then [the therapist] was allowed to testify. Up until that point [Sarah]'s position was this is private information. It's a violation of HIPPA rights and therefore [the therapist] shouldn't—was not allowed to release her notes for discovery so it was [Sarah]'s position that no one should have this information and therefore allowing [the therapist], to almost clearly said to [the therapist] you don't have the right to even testify or the ability to testify because of—and we didn't use the word privilege, but it wasn't only a discovery issue but a privilege issue that [the therapist] was not allowed to release that information and to allow [the therapist] to testify without the other parties having the ability to have that information, would have been improper.

¶7     Sarah now appeals.

## DISCUSSION

¶8     On appeal, Sarah renews her argument that the trial court erroneously excluded the therapist as a witness during the jury trial. She argues that the trial court erroneously prohibited the therapist from providing even limited testimony related to the records that were provided, and she maintains that the trial court erroneously excluded the therapist as a sanction for violating discovery. Sarah finally argues that the exclusion of the therapist was not harmless error because the jury never heard the information the therapist would have provided.

¶9      The decision to admit or exclude evidence is committed to the trial court's discretion.  *State v. Hunt*, 2014 WI 102, ¶20, 360 Wis. 2d 576, 851 N.W.2d 434.  Thus, "[t]his court will reverse such a decision only if the [trial] court erroneously exercises its discretion."  *State v. Warbelton*, 2009 WI 6, ¶17, 315 Wis. 2d 253, 759 N.W.2d 557.  "A circuit court erroneously exercises its discretion if it applies an improper legal standard or makes a decision not reasonably supported by the facts of record."  *Weborg v. Jenny*, 2012 WI 67, ¶41, 341 Wis. 2d 668, 816 N.W.2d 191 (citation omitted).  Applying the above standard, this court concludes that the trial court properly exercised its discretion to exclude the therapist as a witness during the trial.

¶10      As Sarah describes, the family therapist would have testified about Sarah's involvement with the children's therapy, about Sarah's understanding of her children's needs, and about Sarah's ability to meet those needs, and she points to a letter written by the therapist in arguing that the therapist provided all the information needed to allow the therapist to testify.  While this court agrees that the proffered testimony from the therapist would have been relevant, the fact remains that the specific records related to the therapy had not been provided to either the State or the GAL prior to the trial when they should have been provided.

¶11      The dispositional order entered as part of the CHIPS proceedings required Sarah to sign the necessary releases to have the therapist's records provided to the case managers, the State, and the GAL that were involved in this case.  Then, the scheduling order required Sarah to provide all necessary discovery or face sanctions.  *See* WIS. STAT. § 804.12(2) (listing possible sanctions); *see also* WIS. STAT. § 48.293(4) (stating that procedures under ch. 804 apply to proceedings under ch. 48).  Among the possible sanctions were the exclusion of

6

evidence and the exclusion of witnesses. *See* § 804.12(2)(a)2. Sarah was also explicitly made aware of the importance of signing these releases to turn over the therapy records when the scheduling order was entered and at a subsequent motion hearing at which the trial court told Sarah to sign the necessary releases and provide the therapy records. It was, therefore, a reasonable exercise of the trial court's discretion to exclude the therapist as a witness at the trial when Sarah failed to sign the releases to have the therapy records provided to the State and the GAL.[5]

¶12 Moreover, even if we accept Sarah's contention that the trial court erroneously exercised its discretion by failing to specify what discovery requirement was violated or by excluding the witness in her entirety, this court will "generally look for reasons to sustain a [trial] court's discretionary determination." *See Miller v. Hanover Ins. Co.*, 2010 WI 75, ¶30, 326 Wis. 2d 640, 785 N.W.2d 493. "[W]here the [trial] court sets forth no reasons or inadequate reasons for its decisions, [this court] will independently review the record[.]" *Id.* Here, the record clearly indicates that the trial court was well within its discretion to exclude the therapist as a witness as a sanction for Sarah's failure to sign the releases and provide the therapy records to the State and the GAL.

¶13 Moreover, this court concludes that any error in excluding the therapist as a witness was harmless error. "An error is harmless if the beneficiary

---

[5] Sarah further argues that the therapy records sought by the State and the GAL were privileged and not subject to disclosure. This court again disagrees. Pursuant to WIS. STAT. § 905.04(4)(c), those records were subject to disclosure. Thus, this argument fails.

of the error proves 'beyond a reasonable doubt that the error complained of did not contribute to the verdict obtained.'" ***State v. Hale***, 2005 WI 7, ¶60, 277 Wis. 2d 593, 691 N.W.2d 637 (citation omitted).

¶14 Sarah testified at the grounds phase that she had identified a therapist for her children and participated in therapy with them. Sarah's advocate also testified to her observations of Sarah and her children, and she testified that Sarah was able to manage their behavior and meet their needs. Her advocate also provided that Sarah was involved with her children's medical appointments, was in contact with her children's teachers, and even helped to choose the school that her youngest daughter would attend. The director of operations at Butterfly Family Services also testified that Sarah brought food and clothes and other things for the children at her scheduled visits. The director further testified on direct examination that Sarah was generally able to appropriately manage her children at the visits and there were no identified safety concerns.

¶15 The jury, therefore, ultimately heard the basic outlines of the testimony that Sarah sought to elicit from the therapist; therefore, any error in the exclusion of the therapist as a witness was harmless, and there is no possibility that the error complained of contributed to the verdict obtained. *See **id.***

### CONCLUSION

¶16 In sum, this court is not persuaded by Sarah's argument that the trial court erroneously exercised its discretion by excluding the family therapist as a witness. Sarah failed to provide the records required for the therapist to testify, and the trial court was well within its discretion to sanction her for this failure by

excluding the therapist.  Furthermore, even assuming any error in the exclusion of the therapist, it was harmless.  Accordingly, this court affirms.[6]

*By the Court.*—Orders affirmed.

This opinion will not be published.  *See* WIS. STAT. RULE 809.23(1)(b)4.

---

[6] Having concluded that the trial court properly excluded the therapist for failing to provide records, this court does not address whether the therapist was improperly excluded on the grounds that she was a lay witness for which records did not need to be provided.