2022 IL App (2d) 210366-U
No. 2-21-0366
Order filed August 26, 2022

**NOTICE:** This order was filed under Supreme Court Rule 23(b) and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Lake County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 20-CF-1102 |
| MILES R. MICHEL, | ) ) | Honorable Mark L. Levitt, |
| Defendant-Appellant. | ) | Judge, Presiding. |

JUSTICE BRENNAN delivered the judgment of the court.
Justices Hudson and Birkett concurred in the judgment.

**ORDER**

¶ 1   *Held*: Defendant's Wisconsin stalking conviction was not substantially similar to a domestic battery conviction under Illinois law and, therefore, could not be used to enhance defendant's domestic battery conviction to a Class 2 felony. We vacate defendant's sentence, reduce his domestic battery conviction to a Class 3 felony, and remand for resentencing.

¶ 2   Following a jury trial, defendant, Miles R. Michel, was found guilty of domestic battery (720 ILCS 5/12-3.2(a)(2) (West 2020)) and criminal trespass to a residence (*id.* § 19-4(a)(2)). The trial court enhanced defendant's domestic battery conviction to a Class 2 felony based on its belief that defendant had four qualifying prior convictions (see *id.* § 12-3.2(b)), namely three prior

domestic battery convictions in Illinois and one prior stalking conviction in Wisconsin (see Wis. Stat. Ann. § 940.32(2) (West 2008)). The court sentenced defendant to concurrent prison terms of 51 months for domestic battery and 36 months for criminal trespass to a residence. Following the denial of his motion for reconsideration of his sentence, defendant timely appealed. On appeal, defendant contends that the trial court committed reversible plain error when it enhanced his domestic battery conviction to a Class 2 felony, because his Wisconsin stalking conviction was not a prior qualifying conviction under the domestic battery statute. According to defendant, the trial court should have enhanced his domestic battery conviction to only a Class 3 felony and sentenced him accordingly. We agree. Therefore, we vacate defendant's domestic battery sentence, reduce his domestic battery conviction to a Class 3 felony, and remand for resentencing.

¶ 3                                I. BACKGROUND

¶ 4     On August 5, 2020, defendant was indicted on one count of criminal trespass to a residence (720 ILCS 5/19-4(a)(2) West 2020)). In a second indictment, filed on October 7, 2020, the State added two counts of "ENHANCED" domestic battery (see *id.* § 12-3.2(b)). Count II alleged that "defendant knowingly made contact of an insulting or provoking nature with [the victim], a family or household member of the defendant, in that said defendant struck [the victim] about the body." Count III alleged that "defendant knowingly made contact of an insulting or provoking nature with [the victim], a family or household member of the defendant, in that said defendant grabbed [the victim] about the body." In addition, each domestic battery count alleged that, at the time of the offense, defendant "had four or more prior convictions for domestic battery under 720 ILCS 5/12-3.2, in the Circuit Court of Lake County case numbers 17CM3627, 18CF264, and 18CF630, or for a conviction in another jurisdiction for an offense substantially similar to stalking under 720 ILCS 5/12-7.4, in Kenosha County, Wisconsin case number 2009CF1047."

¶ 5    Following a jury trial, defendant was found guilty of criminal trespass to a residence and domestic battery as alleged in count II, and not guilty of domestic battery as alleged in count III.

¶ 6    During sentencing, the State asked the trial court to elevate defendant's domestic battery conviction to a Class 2 felony:

"Your Honor, the State in asking for a sentence here is asking Your Honor to consider the three prior Lake County domestic battery convictions as I listed out before in 17-CF-3627, 18-CF-264, and 18-CF-630.

In addition, we are asking you to consider as a fourth prior conviction a Kenosha County case 2009-CF-1047, a stalking as we believe it to be a substantially similar offense as required by the statute to have four prior convictions to make it a class-2. Even without that, it's a class-3, two to five years[.]"

¶ 7    The State provided the trial court with a certified copy of a judgment of conviction entered against defendant in the Kenosha County Circuit Court. The judgment indicated that, on October 20, 2009, defendant was found guilty of "Stalking," a "Felony I," based on a violation of "940.32(2)." Defendant was also found guilty of "Criminal Trespass to Dwelling," a misdemeanor. The Kenosha court sentenced defendant to three years' probation on each offense.

¶ 8    Defendant's presentence investigation report (PSI) provided additional information about the Kenosha County convictions. According to the PSI, on September 22, 2009, defendant was arrested in Wisconsin for the following offenses: "Intimidate Victim/Use or Attempt Force, Stalking, Battery, Criminal Trespass to Dwelling, Criminal Damage to Property (2cts), Disorderly Conduct and Obstructing an Officer." Police reports indicated that, "on September 7, 2009[,] the defendant sent the victim threatening text messages throughout the day which included threatening to kill her. On September 8, 2009[,] the defendant went to her home breaking the front door down."

Defendant "slapped [the victim] in the face and shoulder" and also "picked the victim up by the neck and threw her to the ground." On December 15, 2009, "the court withheld the sentence and placed defendant on three years' probation for [the] offenses of[ ] Stalking and Criminal Trespass to Dwelling. All remaining counts were withdrawn."

¶ 9     Defense counsel asked for a sentence of intensive probation with periodic imprisonment. However, counsel did not challenge the State's position that defendant was eligible for Class 2 sentencing.

¶ 10    The trial court sentenced defendant to concurrent prison terms of 51 months for domestic battery and 36 months for criminal trespass to a residence. In imposing sentence, the trial court stated:

> "Although you are extendable, and I do find the State has proven the underlying
> felony cases that qualify you for a class-2 felony. I am sentencing you within a range of a
> lower class felony, and I am not extending you on a class-4 although I believe you are
> eligible."

¶ 11    Defendant moved for reconsideration of his sentence, arguing that it was excessive. On June 28, 2021, the trial court denied the motion. That same day, defendant filed a notice of appeal. On August 17, 2021, we granted defendant leave to file an amended notice of appeal.[1]

---

[1]The initial judgment order, dated June 22, 2021, erroneously excluded the domestic battery conviction, entering judgment on only criminal trespass to a residence and erroneously indicating that the sentence for that offense was 51 months. An amended judgment order was filed on July 23, 2021, adding the domestic battery conviction and providing that it was a Class 2 felony with a 51-month sentence. In addition, it corrected the sentence for criminal trespass to a residence.

¶ 12     This timely appeal followed.

¶ 13                              II. ANALYSIS

¶ 14     Defendant argues that the trial court erred in enhancing his domestic battery conviction to a Class 2 felony, because defendant did not have four prior qualifying convictions. Specifically, defendant contends that under the plain language of section 12-3.2(b) of the Criminal Code of 2012 (Criminal Code) (*id.* § 12-3.2(b)), the court could not use his Wisconsin stalking conviction as an enhancing conviction. The State responds that the trial court properly considered defendant's stalking conviction as an enhancing conviction because it was substantially similar to a domestic battery conviction under section 12-3.2.

¶ 15     Defendant concedes that he forfeited this claim by failing to raise it below. See *People v. Bannister*, 232 Ill. 2d 52, 76 (2008) (to preserve a sentencing claim for appeal, a defendant must make a contemporaneous objection at the sentencing hearing and raise the issue in a postsentencing motion). Nevertheless, defendant asks us to excuse the forfeiture and review the error under the second prong of the plain-error doctrine. See *People v. Foster*, 2021 IL App (2d) 190116, ¶ 9. The plain-error doctrine permits review of an otherwise forfeited error when

> " '(1) a clear or obvious error occurred and the evidence is so closely balanced that the error alone threatened to tip the scales of justice against the defendant, regardless of the seriousness of the error, or (2) a clear or obvious error occurred and that error is so serious

---

However, it erroneously provided that the sentences were consecutive. A second amended judgment order was filed on August 17, 2021, correctly reflecting that the sentences were concurrent rather than consecutive. However, this judgment erroneously stated that the domestic battery conviction was a Class 4 felony.

that it affected the fairness of the defendant's trial and challenged the integrity of the judicial process, regardless of the closeness of the error.' " *People v. Russell*, 2022 IL App (2d) 190733, ¶ 44 (quoting *People v. Piatkowski*, 225 Ill. 2d 551, 565 (2007)); see Ill. S. Ct. R. 615(a) (eff. Jan. 1, 1967).

"To obtain sentencing relief under the second prong of the plain-error doctrine in the sentencing context, a defendant must show a clear or obvious error and that 'the error was so egregious as to deny the defendant a fair sentencing hearing.' " *Russell*, 2022 IL App (2d) 190733, ¶ 50 (quoting *People v. Hillier*, 237 Ill. 2d 539, 545 (2010)). We review this case for second-prong plain error.

¶ 16 Resolution of defendant's argument requires us to construe statutory language. The interpretation of a statute involves a question of law, which we review *de novo*. *People v. Simpson*, 2015 IL 116512, ¶ 29. The fundamental rule of statutory interpretation is to ascertain and give effect to the legislature's intent. *Id.* The most reliable indicator of the legislature's intent is the statutory language, given its plain and ordinary meaning. *Id.* When the statute's language is clear and unambiguous, it must be applied as written, without resorting to extrinsic aids of statutory construction. *People v. Smith*, 2016 IL 119659, ¶ 27.

¶ 17 Section 12-3.2(a) of the Criminal Code provides:

"(a) A person commits domestic battery if he *** knowingly without legal justification by any means:

(1) Causes bodily harm to any family or household member;

(2) makes physical contact of an insulting or provoking nature with any family or household member." 720 ILCS 5/12-3.2(a) (West 2020).

Section 12-3.2(b), which addresses sentencing, provides that "[d]omestic battery is a Class A misdemeanor." *Id.* § 12-3.2(b). However, as is relevant here, "[d]omestic battery is a Class 2 felony

if the defendant had 4 or more prior convictions under this Code for domestic battery (Section 12-3.2), or 4 or more prior convictions under the law of another jurisdiction for any offense which is substantially similar." *Id.*

¶ 18    Here, there is no dispute that defendant had three prior domestic battery convictions under section 12-3.2 of the Criminal Code (see *id.*). The question is whether defendant's prior stalking conviction in Wisconsin qualified as an "offense which is substantially similar" to domestic battery such that it constituted a fourth prior conviction to enhance the defendant's domestic battery conviction to a Class 2 felony. See *id.*

¶ 19    The Wisconsin stalking statute (see Wis. Stat. Ann. § 940.32 (West 2008)) delineates three degrees of stalking, depending on the presence of aggravating factors—Class I felony, Class H felony, and Class G felony. See *People v. Warbelton*, 2009 WI 6, ¶ 39, 759 N.W.2d 557. The Kenosha County judgment of conviction was under section 940.32(2), which defines simple stalking, a Class I felony:

"(2) Whoever meets all of the following criteria is guilty of a Class I felony:

(a) The actor intentionally engages in a course of conduct directed at a specific person that would cause a reasonable person under the same circumstances to suffer emotional distress or to fear bodily injury to or the death of himself or herself or a member of his or her family or household.

(b) The actor knows or should know that at least one of the acts that constitute the course of conduct will cause the specific person to suffer serious emotional distress or place the specific person in reasonable fear of bodily injury to or the death of himself or herself or a member of his or her family or household.

(c) The actor's acts cause the specific person to suffer serious emotional distress or induce fear in the specific person of bodily injury to or the death of himself or herself or a member of his or her family or household." Wis. Stat. Ann. § 940.32(2) (West 2008).

" 'Course of conduct' means a series of 2 or more acts carried out over time" and includes, among other things, "[a]ppearing at the victim's home" and "[c]ontacting the victim by telephone." *Id.* § 940.32(1)(a)(4), (1)(a)(6). The stalking offense may be enhanced to a Class H felony if any of five aggravating factors are present. See *id.* § 940.32(2m)(a)-(e). The stalking offense may be enhanced to a Class F felony if any of three aggravating factors are present, including that "[t]he act results in bodily harm to the victim." See *id.* § 940.32(3)(a).

¶ 20    The State argues that defendant's Wisconsin stalking conviction is substantially similar to domestic battery because both offenses "involve similar acts of physical violence against the victim." In support of its argument, the State cites to section 940.32(3)(a) of the Wisconsin stalking statute, which, as noted above, lists "bodily harm to the victim" as an aggravating factor that elevates stalking to a Class F felony. See *id.* The State also points to the PSI, which sets forth the events that gave rise to defendant's arrest and includes an allegation that defendant "slapped [the victim] in the face and shoulder" and "picked the victim up by the neck and threw her to the ground."

¶ 21    The State's argument fails upon consideration of the Wisconsin offense for which defendant was convicted. Defendant was not convicted under section 940.32(3)(a) of the Wisconsin stalking statute. The Kenosha County judgment of conviction indicates that defendant was convicted of Class I felony stalking under section 940.32(2). Given the elements of Class I felony stalking and the allegations in the PSI, the bases for defendant's stalking conviction were his "[a]ppearing at the victim's home," his [c]ontacting the victim by telephone," or both. See *id.*

§ 940.32(1)(a)(4), (1)(a)(6). Although the PSI informs that defendant also had physical contact with the Kenosha victim, such contact is not an element of Class I felony stalking, but rather is instead an element of Class F felony stalking for which defendant was not convicted (see *id.* § 940.32(3)(a). Indeed, as the PSI indicates, the other charges "were withdrawn." Moreover, as defendant points out, the State does not argue that the Wisconsin stalking victim was a "family or household member" (720 ILCS 5/12-3.2(a) (West 2020)). Section 12-3.2(a) requires that the defendant "[c]ause[ ] bodily harm to any family or household member" or "make[ ] physical contact of an insulting or provoking nature with any family or household member." *Id.* § 12-3.2(a)(1), (a)(2). Unlike the Illinois domestic battery statute, section 940.32(2) of the Wisconsin stalking statute has no such requirement. This provides another basis for concluding that defendant's conviction under section 940.32(2) of the Wisconsin stalking statute is not substantially similar to a conviction of domestic battery under section 12-3.2(a) of the Criminal Code.

¶ 22    Accordingly, because defendant did not have four prior convictions of domestic battery or a substantially similar offense, his domestic battery conviction could not be enhanced on that basis to a Class 2 felony for sentencing purposes. Having found that a clear and obvious error has occurred, we grant relief because the error is so egregious as to deprive defendant of his right to a fair sentencing hearing. See, e.g., *Russell*, 2022 IL App (2d) 190733, ¶¶ 54-55 (imposing an extended-term sentence where the defendant's two offenses did not arise from unrelated courses of conduct was an error "so egregious as to deprive [the] defendant of his right to a fair sentencing hearing").

¶ 23    Defendant concedes that, under section 12-3.2(b) of the Criminal Code, he was eligible for Class 3 sentencing. See 720 ILCS 5/12-3.2(b) (West 2020) (domestic battery is a Class 3 felony if

defendant had three prior domestic battery convictions). Accordingly, he asks that we vacate his sentence, reduce his conviction to a Class 3 felony, and remand for resentencing. The State responds that, because defendant's 51-month sentence is well within the sentencing range for a Class 3 felony (see 730 ILCS 5/5-4.5-40(a) (West 2020) (sentence of imprisonment for a Class 3 felony "shall be a determinate sentence of not less than 2 years and not more than 5 years"), we should simply reduce defendant's conviction to a Class 3 felony and affirm his sentence.

¶ 24    Although the State correctly notes that defendant's 51-month sentence is within the range for a Class 3 felony, it is only nine months less than the maximum of that range. The trial court imposed that sentence under the mistaken belief that the applicable range was the three-to-seven-year range for a Class 2 felony. See *id.* § 5-4.5-35 (sentence of imprisonment for a Class 2 felony "shall be a determinate sentence of not less than 3 years and not more than 7 years"). The court's sentence was below the midpoint for a Class 2 prison term. Thus, we cannot say that, had the court been aware that the proper range was instead two to five years, it would have imposed the same sentence. Accordingly, we remand for resentencing.

¶ 25                                III. CONCLUSION

¶ 26    For the reasons stated, we vacate the sentence on defendant's domestic-battery conviction, reduce that conviction to a Class 3 felony conviction, and remand to the circuit court of Lake County for resentencing.

¶ 27    Affirmed as modified in part and vacated in part.

¶ 28    Cause remanded.